## GEORGE BUCHANAN v. STATE.

No. 328.    Opinion Filed March 18, 1909.

(101 Pac. 295.)

1.    **JUDGES—Disqualification—Prejudice—Affidavit.** When the accused, in compliance with sub-division 4, sec. 291, art. 8, c. 68 (section 5427), Wilson's Rev. & Ann. St. Okla. 1903, makes affidavit before the commencement of the trial, in which it is positively stated that he cannot have a fair and impartial trial, on account of the bias and prejudice of the presiding judge of the court where the indictment or information is pending, it is sufficient. The affidavit need not set up facts on which it is based, or reasons for the belief of the affiant as to the bias and prejudice of the judge. Upon the filing of such affidavit a change of judge

must be allowed, but not more than one change of judge shall be allowed in any case.

2. **SAME—Effect of Affidavit.** Upon the filing by the accused of an affidavit in proper time, stating positively that he cannot have a fair and impartial trial, on account of the bias and prejudice of the presiding judge of the court where the indictment or information is pending, such judge cannot thereafter perform any official act in such case binding upon the accused, except the allowance of such change of judge.

(Syllabus by the Court.)

*Error from District Court, McLain County; R. McMillan, Judge.*

George Buchanan was convicted of crime, and brings error. Reversed.

At the March, 1908, term of the district court of McLain county, Okla., George Buchanan, who will hereinafter be referred to as the "accused," was indicted for rape, upon the person of Estella Roberts. On the 17th day of April, 1908, the accused was placed on trial for said offense, and on the following day the jury returned a verdict of guilty and assessed his punishment at 10 years in the penitentiary. Motion for new trial was presented in due time, and was overruled by the court, from which ruling and the judgment the accused prosecuted error to the Supreme Court of this state. Said court, as required by law, upon the creation of this court, duly transferred the case to this court.

*Crawford & Bolen,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for the State.

BAKER, JUDGE. (after stating the facts as above). The petition in error in this case sets forth 10 specifications, but only four of the errors assigned are called upon and briefed. They are: (1) The court erred in overruling the application of the defendant for a change of judge; (2) the verdict is contrary to the evidence; (3) the verdict is contrary to law; and (4) the verdict is contrary to the law and the evidence.

The Attorney General filed the following confession of error:

"Comes now on the 16th day of March, 1909, the Attorney General and informs the court that the record in this cause shows that on April 17, 1908, before the above-entitled cause was called for trial, the defendant, George Buchanan, filed his affidavit in the trial court, stating that he could not have a fair and impartial trial on account of the prejudice of the presiding judge, Hon. R. Mc-Millan, as provided by the fourth subdivision of section 291, art. 8, c. 68, of Wilson's Revised and Annotated Statutes of Oklahoma of 1903, in force at that time. That by reason of said statute, and the construction placed thereon by the Supreme Court of the territory of Oklahoma * * * that said R. McMillan, as presiding judge, had no other or further jurisdiction in said cause than to have granted a change of judge."

Inasmuch as this cause will be remanded, and may be again tried, this court believes the ends of justice will best be subserved by passing on assignment No. 3 only, which complains of the court's action in refusing to allow the change of judge in this case. This assignment will therefore only receive our attention and decision.

As shown by the record, on the 17th day of April, 1908, in proper time, and before this case was called for trial, the accused filed his affidavit in this case, in which he states: "That he cannot have a fair and impartial trial on account of the bias and prejudice of the presiding judge, Hon. R. McMillan." Notwithstanding the filing of said affidavit, the presiding judge failed and refused to allow a change of judge, and proceeded to, and did hear this cause. Subdivision 4 of section 291, art. 8, c. 68 (section 5427), Wilson's Rev. & Ann. St. Okla., 1903, reads as follows:

"If it be shown to the court by the affidavit of the accused that he cannot have a fair and impartial trial, by reason of the bias and prejudice of the presiding judge, or that the judge has been of counsel in said cause, or is of kin to either party to the action, or is interested, a change of judge shall be ordered, and the clerk of the district court shall immediately transmit to the clerk of the Supreme Court of the territory a certified copy of the order granting the change of judge, and the clerk of the Supreme Court shall, if said court be in session, immediately present the same to the court, and if said court be not in session, then he shall

at once deliver the same to the chief justice of the territory, and the Supreme Court of the territory, or the chief justice thereof, as the case may be, may designate any other district judge of the territory to try the cause: Provided, that not more than **one** change from the county, and one change from the judge shall be allowed in any case."

The affidavit filed in this case for a change of judge being in strict compliance with the statute just quoted, the only question in this case is: Had the trial judge any discretion whatever to refuse the application of the accused for a change of judge to hear this cause, and are the provisions of said statute mandatory upon the trial judge to allow the change of judge asked for upon the filing of such an affidavit? Counsel for accused insist that the statute is mandatory, and that no discretion whatever is reserved in the judge to whom the application is presented to refuse to grant the same, and they file an extensive brief citing many authorities in support of their contention. We have carefully examined all the authorities cited, and a few additional cases that we found, and find the great weight of authorities clearly sustain the claims of counsel of accused, and fully warrant the confession of error filed by the Attorney General herein. We think the Attorney General did right in filing said confession of error, and we concur in, and approve, the same.

The following cases fully sustain our conclusions in this case:

In *State v. Wolfe,* 11 Ohio Cir. Ct. R. 591, the court say:

"If the affidavit asking for the designation of a judge to try the case is filed with the clerk, the judge against whom the bias is charged has nothing further to do with the case. Where parties claim bias or prejudice, they need not set out facts upon which they base their claim. Whether a man is biased or not is a fact itself, and it is not necessary to state something else to show that he has such bias. The fact of bias or prejudice is not issuable."

The statute of Ohio is, in effect, the same as the statute in this state.

The Supreme Court of North Dakota, in the case of *State*

2 Cr.—9

*v. Kent,* found in 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686, in construing a statute practically the same as ours, says:

"It cannot admit of a doubt that the act we are interpreting was passed to give the prisoner the right to insist upon a trial before a different judge when the judge in the district where the indictment is pending is biased. From this proposition flows the corollary that, upon the presentment of the affidavit stating such bias and prejudice, the right of the accused to have another judge called in to try the cause is absolute; if not, then the judge attacked for prejudice sits in judgment on the question of his own bias."

The Supreme Court of the territory of Oklahoma has passed squarely on this question in the well considered case of *Lincoln v. Territory,* 8 Okla. 546, 58 Pac. 730. The court say:

"Under St. Okla. 1893, § 5138, as amended by Laws 1895, p. 198, c. 41, where the accused makes affidavit in which it is positively stated that he cannot have a fair and impartial trial, on account of the bias and prejudice of the presiding judge of the court where the indictment or information is pending, and presents it in proper time to the court, it is sufficient. The affidavit need not set up the facts on which it is based, or reasons for the belief of the affiant as to the bias or prejudice of the judge."

This case reverses *Cox v. U. S.,* 5 Okla. 701, 50 Pac. 175, in which it was held that the facts and circumstances showing the prejudice of the presiding judge, or other grounds for such change, must be shown by the affidavit of the defendant, and unless, from the facts and circumstances stated in such affidavit, it reasonably appears that such bias or prejudice on the part of such judge existed, such judge might in the exercise of his judicial discretion refuse such application.

See, also, in support of this opinion: *Cory v. Silcox,* 5 Ind. 372; *Willer v. Taylor,* 7 Ind. 110; *Manly v. State,* 52 Ind. 215; *Krulz v. Griffith,* 68 Ind. 444.

This court holds that upon the filing of an affidavit of bias and prejudice for change of judge in proper time, as provided by subdivision 4 of section 291 above quoted, there is nothing more that the judge so attacked can lawfully do in the case without the consent of the accused, except to allow such change of judge. The

court below therefore committed prejudicial error, in not granting the application of the accused for change of judge, and in not sustaining the motion of the accused for a new trial predicated thereon.

The sentence and judgment of the court below is therefore set aside, reversed, and held for naught, and the case is remanded to the district court of McLain county, for new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.