### J. M. COUCH v. STATE.

No. A-41.   Opinion Filed January 21, 1910.

(106 Pac. 351.)

JUDGES—Change of Judge—Prejudice. Under the law in force in this state in August, 1908, upon the filing by the accused of an affidavit in proper time, stating positively that he cannot have a fair and impartial trial, on account of the bas and prejudice of the presiding judge of the court where the indictment or information is pending, a change of judge must be allowed.

(Syllabus by the Court.)

*Error from Mayes County Court; A. C. Brewster, Judge.*

J. M. Couch was convicted of crime, and brings error. Reversed and remanded.

The plaintiff in error was convicted in the county court of Mayes county in the July term, 1908, charged with violation of

the liquor law and sentenced to imprisonment in the county jail for 30 days and to pay a fine of $150. The case is before us on appeal. Error confessed by counsel for the state.

*W. S. Stanfield, Byron Kirkpatrick,* and *A. W. Fisher,* for plaintiff in error.

*Fred S. Caldwell,* Counsel to the Governor, for the State.

OWEN, JUDGE. It appears from the record in this case, that, prior to the beginning of the trial, the plaintiff in error filed his application in the form of an affidavit, alleging that the county judge was so prejudiced against him that he could not have a fair and impartial trial before said judge. This application was supported by the affidavit of three other persons. The court overruled the application and proceeded, over the objection of the defendant, to try the case. Counsel to the Governor representing the state in this case, before this court, has filed his written confession of error conceding the court erred in overruling the application of plaintiff in error for a change of judge. Following the rule announced by this court in the case of *Buchanan v. State,* 2 Okla. Cr. 126, 101 Pac. 295, the confession of error must be sustained and the case reversed.

The judgment of the lower court is reversed, and the case remanded, with direction to set aside the judgment, grant the defendant a new trial, and sustain his application for change of judge.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.