## MAYES v. PITCHFORD, *District Judge.*

No. 1524.   Opinion Filed April 26, 1910.

(109 Pac. 821.)

1.   CONSTITUTIONAL LAW—Self-Executing Provisions. Section 15, Bunn's Const. Okla., providing that "right and justice shall be administered without sale, denial, delay or prejudice," is self-executing.

2.   JUDGES—Disqualification — Procedure — Legislative Control. When the prejudice of the trial judge is made the ground of a motion for a change of judge, the Legislature may prescribe the method of determining this matter; but it is without power to abolish this ground of disqualification.

3.   JUDGES—Disqualification—Procedure. A defendant, seeking to disqualify a trial judge upon any ground, must follow the procedure prescribed in section 5, Act March 22, 1909 (Sess. Laws 1909, p. 169, c. 14, art. 1).

4.   STATUTES—Constitutional Law — Disqualification of Judges. The act of March 22, 1909 (Sess. Laws 1909, p. 167, c. 14, art.

Vol. 26—9

1), prescribing the disqualifications of judges of courts of record, and providing for the election of a special judge pro tempore when the regular judge is disqualified, and repealing section 8, art. 1, c. 27, p. 285, Sess. Laws 1907-08, is free from constitutional objections.

5. STATUTES—Enactment—Necessity of Enacting Clause. That portion of section 3, art. 5, of the official copy of the Constitution, which provides that "the style of all bills shall be, 'Be it enacted by the people of the state of Oklahoma,'" applies only to bills adopted by the people under the initiative and referendum clause of the Constitution.

(Syllabus by the Court.)

Prohibition by Mack Mayes against John H. Pitchford, Judge of the First Judicial District. Writ denied.

*George Paschal, W. A. Killey,* and *George K. Powell,* for petitioner.

*J. I. Coursey,* for respondent.

KANE, J. This is an original application for a writ of prohibition, wherein it is prayed that John H. Pitchford, judge of the district court of the First judicial district of the state of Oklahoma, be prohibited from sitting as judge of the district court of Cherokee county in the trial of said plaintiff upon an information pending in said court against him, charging said plaintiff with the crime of murder. It seems that the plaintiff herein filed in said court in said cause his motion for a change of judge, setting up in his affidavit filed for said purpose that he is the defendant in said murder cause, and "that he cannot have a fair and impartial trial before Hon. John H. Pitchford, the presiding judge of the district court of said county and state, by reason of the bias and prejudice of said presiding judge." Upon this showing the judge refused to certify his disqualification.

The contentions on behalf of the plaintiff, as stated by his counsel in their brief, are:

"(1) That, upon the filing of the affidavit set forth in the petition filed in this court, respondent herein, as judge of the court in which he was presiding, had no jurisdiction to further sit as judge in the trial of this petitioner. (2) That respondent

herein, as judge of the district court of Cherokee county, was, at the time of the filing of petition in this court, proceeding with the trial of this petitioner, and would have so unlawfully proceeded to sit as judge in said trial, unless prohibited by the order of this court. (3) That any judgment or order made by respondent in the trial of petitioner, after the filing of said affidavit for change of judge, would have been and is void. (4) That the right to a trial in a capital case before an unprejudiced judge' is guaranteed by the Constitution of the United States, the Constitution of the state of Oklahoma, and is not such right as may be taken away or in any way abridged by the state. (5) That it is contrary to and in violation of law and rights of a defendant in a criminal case for a judge in such a case to sit in judgment, in any manner, upon his own bias and prejudice. (6) That section 5427, Wilson's Rev. & Ann. St. 1903, being section 291 of the Criminal Code, is in full force and effect in this state, and is the law governing procedure for change of judge in the district courts of Oklahoma in felony cases. (7) That Act March 22, 1909, c. 14 (House Bill No. 217), providing for disqualification of judges, if a valid law, by section 5 of said act applies only to procedure in courts inferior to the district courts. (8) That section 5, Act March 22, 1909 (Sess. Laws 1909, c. 14; House Bill No. 217), is not in conflict with subdivision 4, § 5427, Wilson's Rev. & Ann. St. 1903. (9) That the act of March 22, 1909, above cited, does not repeal section 5427, Wilson's Rev. & Ann. St. 1903, being section 291 of the Criminal Code of Oklahoma, nor any part of said act. (10) That Act March 22, 1909, above cited, is unconstitutional and void, for the reason that it has no enacting clause. (11) That, if said Act March 22, 1909, is not unconstitutional and void on account of not having an enacting clause, section 5 of said act is unconstitutional and void, for the reason that it attempts to abridge the right of a defendant in a criminal case to a fair and impartial trial before an unprejudiced judge. (12) That the writ of prohibition is the proper remedy under the facts set forth in the petition. (13) That respondent by his demurrer has admitted all the matters set forth in petitioner's petition well pleaded, and can only reply upon the first ground of his demurrer. (14) That Act March 22, 1909, and section 6 thereof, is unconstitutional and void, for the reason that it embraces a subject not mentioned in the title of said act."

All of the questions raised by the foregoing specifications are decided contrary to the contentions of counsel by the Criminal

Court of Appeals in an opinion recently handed down (*Ex parte Hudson*, 3 Okla. Cr. 393, 106 Pac. 540), which was cited and followed by this court in *Myers v. Bailey, Judge, infra,* 109 Pac. 820, and *Turner v. McCain, Judge, infra,* 109 Pac. 821, decided this term. As the reasoning of the court in that case is satisfactory to us, it follows that the writ of prohibition must be denied.

All the Justices concur.