### TURNER v. McCAIN, *Judge of Superior Court.*

No. 1341.    Opinion Filed April 26, 1910.

(109 Pac. 821.)

STATUTES—Constitutional Law—Necessity of Enacting Clause. The act of March 22, 1909 (Sess. Laws 1909, p. 167, c. 14, art. 1), prescribing the disqualifications of judges of courts of record and providing for the election of a special judge pro tempore when the regular judge is disqualified, and repealing section 8, art. 1, c. 27, p. 285, · Sess. Laws 1907-08, is free from constitutional objections.

(Syllabus by the Court.)

Mandamus by Julia A. Turner against Farrar L. McCain, Judge of the Superior Court. Writ withheld.

*Chas. Bagg, N. B. Maxey,* and *S. V. O'Hara,* for petitioner.
*Zevely, Givens & Smith,* for respondent.

KANE, J. This is an original application for a writ of mandamus to require the defendant, as judge of the superior court of Muskogee county, to certify to his disqualification to try a certain civil action pending in said court. The petition alleges, in sub-. stance, that the court below, after hearing said motion for disqualification, held that it was disqualified to proceed with the trial of said cause, but that inasmuch as said motion was based upon the provisions of House Bill No. 217, entitled "An act prescribing the

disqualifications of judges of courts of record, and providing for the selection or appointment of a special judge or judge *pro tempore* when the regular judge is disqualified, and repealing section 8, article 1, c. 27, Sess. Laws 1907-08," which act in its opinion was unconstitutional and void, for the reason that the same does not comply with the provisions of section 3, art. 5, of the Constitution of Oklahoma, in that it contains no enacting clause as provided for in said section of the Constitution, it refused a certificate.

The questions raised by this state of the pleadings are all decided by the Criminal Court of Appeals of this state in *Ex parte Hudson,* 3 Okla. Cr. 393, 106 Pac. 540, cited with approval by this court in *Myers v. Bailey, Judge, infra,* 109 Pac. 820, and *Mack Mayes v. Pitchford, Judge, infra,* 109 Pac. 821. As the court below based its refusal to sign the certificate of disqualification solely upon the ground that House Bill No. 217, *supra,* is unconstitutional, now that that question is settled to the contrary, there will probably be no necessity for the issuance of the writ, and the same will not be issued until upon further showing it may be found necessary.

All the Justices concur.