JAKE LEWIS v. S. H. RUSSELL, *Judge of the District Court of Carter County.*

No. A-890.   Opinion Filed November 21, 1910.

1.   JUDGES—Prejudice—Constitutional Right to Change. The defendant has a right to a change of judge where the presiding judge is in fact prejudiced against him; and under sec. 6, art. 2 of the state Constitution this right cannot be abrogated.

2.   SAME—Legislative Control. Under sec. 6, art. 2 of the state Constitution, it is the fact of prejudice, and not the mere allega-

4 Cr.—9

tion thereof, which disqualifies a judge; and the time, manner and means of raising the question and of showing and determining the facts with respect thereto, are subject to legislative control.

3.    SAME—Application for Change — Requisites. Under sec. 2016, Snyder's Comp. L. Okla. 1909, it is necessary that an application for a change of judge on the ground of prejudice set forth the facts upon which the claim of prejudice is made.

4.    SAME—Procedure—Refusal of Change—Mandamus. Under sec. 2016, Snyder's Comp. L. Okla. 1909, if a seasonable application for a change of judge be filed in proper form, and the judge does not admit his disqualification and refuses to certify same a petition may be filed for a writ of mandamus to require him to do so; and the question of his disqualification will then be tried out and determined in the appellate court upon the petition, the response, and such proof as may there be offered.

5.    SAME—Application for Change—Necessity. The filing of seasonable application for a change of judge with the clerk of the court below, in full compliance with the statute, is a prerequisite to the procuring of a writ of mandamus requiring a judge to certify his disqualification.

(Syllabus by the Court.)

Petition for writ of mandamus. Writ denied on September 17, 1910.

*R. F. Turner,* for petitioner.

*James H. Mathers,* County Attorney of Carter County, and *W. R. Bleakmore,* for respondent.

RICHARDSON, JUDGE. The petitioner, Jake Lewis, being charged in the District Court of Carter County with the crime of murder, on September 7, 1910, and within proper time, filed with the clerk of that court an application for a change of judge, in which it was stated in general terms that the respondent, S. H. Russell, judge of said court, because of his bias and prejudice against petitioner, was disqualified to sit in said cause, and requesting that he certify his disqualification as provided by law. The application set forth no grounds or facts upon which the claim was made that respondent was prejudiced, and the latter refused to make the certificate requested. Thereupon petitioner filed in this court a petition for a writ of mandamus requiring

respondent to execute the certificate desired, in which petition there was set out for the first time the facts upon which the claim of prejudice was made.

Prior to the passage of the act approved March 22, 1909 (art. 6, chap. 24, Snyder's Comp. L. Okla.), the uncorroborated affidavit of the accused filed in a criminal case, stating in general terms that because of the bias and prejudice of the presiding judge the accused could not have a fair and impartial trial before him, of itself operated to disqualify such judge. The truth of the averment and the good faith of the defendant in making it were immaterial, and were not issuable anywhere at any time. A change of judge imperatively resulted from the filing of the affidavit. Sec. 5427, Wilson's Rev. and Ann. Stat. Okla. 1903; *Lincoln v. Territory,* 8 Okla. 546, 58 Pac. 730; *Buchanan v. State,* 2 Okla. Cr. 126, 101 Pac. 295. However moderately and justly this power of disqualifying judges may have been exercised before statehood, after the admission of Oklahoma into the Union it was greatly abused. Judges were constantly disqualified by defendants not over scrupulous in the use of their oaths, where no cause either real or apparent for a change of judge existed, and where it was sought for the palpable purpose only of delaying, obstructing, and ultimately defeating justice. The affidavit was generally filed after the case was called for trial, and after a motion for a continuance and often an additional motion for a change of venue had been filed and overruled. The fact that no notice of the filing of such affidavit had been given, and that the state had gone to all the trouble and expense of preparing for trial, and had its witnesses present at the cost of the county, was immaterial. Often the trial calendar was deranged and the business of the court thrown into confusion. Either a continuance resulted, or else an exchange of districts by the disqualified judge with some other district judge was necessitated, usually involving a loss of time aggregating about two days for each judge, and always the expenditure by the state of the traveling and boarding

expenses of each judge thus assigned to a district other than his own.

These were some of the evils resulting from section 5427 of Wilson's Rev. & Ann. Stat., 1903, as said section was construed, to remedy which art. 6, chap. 24 of Snyder's Comp. Laws was enacted. The right to a change of judge on account of actual prejudice on the part of the presiding judge has not been abrogated, and it has been held that under sec. 6, art. 2 of our Constitution it cannot be. But under the Constitution it is the fact of prejudice and not the mere allegation thereof which disqualifies; and the time, manner and means of raising the question and of showing and determining the facts with respect thereto are subject to legislative control. The act approved March 22, 1909, was intended to regulate these matters, and the portion thereof pertinent to the present case (sec. 2016, Snyder's Comp. L. Okla.) reads as follows:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request him to so certify after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

Under this section it is necessary that the application for a change of judge be filed with the clerk of the court below; that it set forth the grounds, that is to say, the facts upon which the claim is made that the judge is prejudiced; and that the same be presented to such judge, reasonable notice thereof being first given to the prosecution. If the application is in compliance with the statute, and the judge concedes that he is prejudiced, he certifies his disqualification as requested. On the other hand, if the application be in proper form, but the judge does not admit his disqualification and therefore refuses to make the certificate, a petition may be filed for a writ of mandamus to require him to do so; and the question of his disqualification

will then be tried out and determined in the appellate court upon the petition, the response, and such proof as may be there offered. But the filing of an application with the clerk below in full compliance with the section above quoted is a prerequisite to the procuring of the writ. The facts upon which the claim of prejudice is made must be set out in the application so that the judge and the other side may know what is claimed and upon what the claim is based; and it is not sufficient to set those facts out for the first time in the petition for the writ. *Myers v. Bailey,* 26 Okla. 133, 109 Pac. 820; *Mayes v. Pitchford,* 26 Okla. 132, 109 Pac. 821; *Ex parte Hudson,* 3 Okla. Cr. 393, 106 Pac. 540; *Id.,* 107 Pac. 735. In the present case no pretense was made of complying with the statute in this respect, and therefore there was nothing upon which to base the petition for the writ of mandamus. The writ is therefore denied.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.