**STROTHER v. BOLEN, Judge of Seventh Judicial District.**

No. 10453—Opinion Filed May 13, 1919.

(181 Pac. 299.)

(Syllabus.)

**Mandamus — Judge's Certification of Disqualification—Proof.**

In order to disqualify a district judge and compel him by mandamus to certify that he is disqualified, on account of bias and prejudice, to proceed to the trial of a cause pending before him, the applicant must show a clear, legal right to the writ; otherwise such application will be denied.

Original mandamus by Minnie Strother against Hon. J. W. Bolen, Judge of the Seventh Judicial District, State of Oklahoma. Writ denied.

Ramsey, De Meules, Rosser, Martin & King, Wm. S. Wittler, and J. W. Willmott, for plaintiff.

Davis & Patterson, for defendant.

JOHNSON, J. This is an original action of mandamus wherein Minnie Strother is plaintiff and J. W. Bolen, judge of the Seventh judicial district of the state of Oklahoma, is respondent.

In an action pending in the district court of Seminole county, over which Judge Bolen presides, the relator herein, a party thereto, filed an affidavit seeking to disqualify the said judge from trying the case. A showing was attempted to be made in said affidavit establishing the bias and prejudice of the respondent. This he held insufficient to justify his certifying to his disqualification. Whereupon this action was brought and a writ of mandamus sought to compel a change of judge.

The plaintiff's application to this court for writ of mandamus is duly verified, to which is attached as exhibits thereto copies of the petition of the plaintiff, and answer and cross-petition of the defendant in a cause pending in the district court of Seminole county, wherein O. D. Strother is plaintiff and Minnie Strother, the applicant herein, is defendant, wherein the plaintiff, O. D. Strother, brought an action for divorce against the defendant, Minnie Strother, upon the grounds of extreme cruelty, and wherein the defendant, Minnie Strother, in her answer and cross-petition therein, sued for a divorce from the plaintiff upon the same grounds, and for permanent alimony, and to establish her property rights in the property of the plaintiff, and in which action a hearing was had in said cause before the respondent, as judge between the said parties on the 6th day of July, 1918, on the defendant Minnie Strother's motion for alimony pendente lite, at the conclusion of which the respondent made an order for the defendant for $200 attorney's fees, $50 a month for the support of the defendant pendente lite, and $25 suit money, and thereafter the defendant, Minnie Strother, presented application to the respondent for the disqualification of such respondent, which application was overruled by the respondent, who reduced his ruling to writing, signing the same, and copy of defendant's application for alimony pendente lite and respondent's ruling thereon, and the defendant's application for disqualification and the respondent's ruling thereon, and a transcript of the testimony taken by the respondent upon the hearing of the defendant's application for alimony pendente lite, duly certified by the reporter, are all attached to the plaintiff's application herein and made

a part thereof, to which application of the plaintiff herein the respondent had filed herein his verified answer, to which verified answer the plaintiff herein had filed a reply consisting of a general denial.

The plaintiff herein has presented in support of her said application her own affidavit and those of her attorneys of record, to wit, William S. Wittler, Malcolm E. Rösser, and John W. Willmott. There is also presented herein the affidavit of one S. D. Powell, A. B. Douglass, and A. L. Frederick, containing an itemized list and appraisement of the property of the plaintiff in said divorce action; also O. D. Strother's affidavit, containing an itemized list and appraisement of his property and an itemized list of his indebtedness at the time of said hearing, is presented by the defendant.

The specific grounds upon which the plaintiff herein based her right of action are that said defendant, Hon. J. W. Bolen, is so biased and prejudiced against her and her cause of action against the said O. D. Strother, and is so biased and prejudiced in favor of the said O. D. Strother and his cause of action against the plaintiff, that this plaintiff cannot secure and have before said defendant a fair and impartial trial, and alleges in support thereof:

"That the said O. D. Strother, almost immediately after the decision of the said defendant upon the motion of this plaintiff for alimony pendente lite, became a very active worker in the campaign for the election or the re-election of the said defendant as judge of the Seventh judicial district, and secured many citizens of said Seminole county and in and about the town of Seminole and who pledged themselves to vote for the said defendant judge, all of which facts were well known to said judge, and this plaintiff further alleges that, by reason of the activity of the said O. D. Strother in procuring the re-election of the defendant as judge of said district in manner aforesaid, the said defendant is further biased and prejudiced in favor of said O. D. Strother, though unconsciously against the plaintiff."

The actions and sayings of the respondent relied upon by the plaintiff as set forth in her affidavit and those of her attorneys in substance are: That the said respondent, at the hearing of her motion for alimony pendente lite, insisted upon going into the merits of the cause upon said hearing over the objection of her counsel when said defendant was not prepared on the merits and had no proof to offer in rebuttal of said merits of the cause, and that the respondent commented upon the

nativity of the said Minnie Strother, inquiring what her maiden name was, which happened to be Ulrich, evidently supposing that she was German-born, and that by his attitude and actions accepted as absolute facts all statements made by attorney for plaintiff in said cause in reference to and upon the merits of said cause when there was no trial upon said merits, that he could not understand, and thought it was highly improper for any litigant in his court to be represented by so many counsel from all over the United States, remarking that this woman has a St. Louis lawyer, a prominent firm representing her from Muskogee, and also local counsel, and that there was entirely too much marshaling of forces, and no necessity of having so many lawyers, and that, when she was placed upon the witness stand, the respondent examined her on his own motion and asked her if she did not intend to break up Oscar Strother, and stated that he did not believe in tolerating any attempt on the part of any woman to break up her husband and mulct him for attorney's fees, and in commenting upon the question of the correction of one of the nieces of the said Minnie Strother, who was no kin to Oscar Strother, that he, the court, began fighting school teachers when he was about the age of 14 or 16 years, and that in his opinion it was right for children to indulge in a rebellious attitude, and, further, that the objection of said Oscar D. Strother to the correction of the nieces of the plaintiff was proper and showed that he was a good man, and not a bad man as it was attempted to show by the cross-petition of the defendant in said cause; that he asked her what her earnings had been before she was married, and as to what occupation the brother of the plaintiff, Alexander Wolfe, was engaged in, as to what he was earning and as to what her relations were with her other kinsfolk, in all of which inquiry he showed a hostile and partisan attitude toward the defendant, and as to whether her brother paid any board to said Oscar D. Strother while he stayed at the home of the parties, and that he commented upon the fact that the said Oscar D. Strother had evidently married a woman beneath his station of life, and that, of course, such marriages never led to any good.

The respondent in his answer herein denies the allegations of the plaintiff, except such as are admitted. He admitted that he was judge of said court and presided at the hearing of the plaintiff's motion in said cause for alimony pendente lite, and specifically denies that he was in any way biased or prejudiced in the hearing, and, further answering, says, in substance, that on the hearing of the application for temporary alimony he only inquired into such matters as would enable him to intelligently form his opinion as to the amount which the plaintiff was able to pay without destroying his estate and at the same time to enable the defendant to properly prepare her cause for trial and present the issues into court for trial at the hearing of such application; he had never seen the plaintiff Minnie Strother, in his life before; that he was barely acquainted with the plaintiff, O. D. Strother, and had never had any conversation with the said O. D. Strother in his life. He further alleges that the questions which have been complained of in the petition of the plaintiff, asked at the time of the hearing of the petition for alimony pendente lite, was for the purpose of ascertaining the possibility of a settlement of said cause between the parties, and, if possible, to reconcile them to each other, and no question was asked the plaintiff which could possibly have been contrued to be disrespectful or in any way reflect upon her character and condition in life, and that he was only actuated by the motive of good will between both the parties in interrogating them as to their former marital relations. He admits that he inquired of the plaintiff as to what position she had occupied in life prior to her marriage to O. D. Strother, but for the purpose of ascertaining her earning capacity, if any and from what station in life she came, and that these questions were asked her in order to enable the respondent to intelligently make provision for her out of the means of her husband; admits that he made the award of $50 per month alimony, $25 suit money, and $200 attorney's fees, and that in answer to his inquiry at the time he was informed by the plaintiff and her attorney, Wm. S. Wittler, that they only had one witness to produce at the trial of the case, that he made a careful examination as to the property holdings of O. D. Strother, and that he found that the same consisted of approximately 4,000 acres of land, and about $1,000 in personal property, which was heavily mortgaged, some of which mortgages were then due and creditors pressing for payment, and that the plaintiff, O. D. Strother, stated in court under oath that he owed between $75,000 and $80,000, and it was with much difficulty that he was able to meet the annual interest payments on this indebtedness, that he believes that he made as liberal allowance as the facts in the case could possibly justify, admits that he is grateful to all those who

supported him in his campaign for district judge, but denies that he is at all influenced in his court by the fact that a litigant is a political friend or enemy, admits that he was not favorably impressed with the plaintiff's attitude in bringing so many and such prominent counsel to present her application for temporary alimony, and that he stated that it was not necessary for the purpose of protecting the rights of women, that the court would have protected her rights whether she had any attorney at all, admitted that he asked the plaintiff while she was upon the witness stand, as to whether or not she intended to destroy O. D. Strother financially, but that the question was asked her for the purpose of impressing upon her the necessity of permitting Mr. Strother to remain financially solvent until such time as a division of the property could be made, that none of the things that were said or done at the time of the hearing were actuated by any other than the most friendly motive and desire to do entire justice between the parties and to preserve the estate of O. D. Strother intact during the time he was laboring under heavy financial difficulties so that the best provision possible would be made for both the said litigants out of the estate of the said Strother and that entire justice might be done to the litigants in said case, and that he is aware of no bias, prejudice, or ill will toward the plaintiff in this case.

By an examination of the entire record in this case we find there is but little conflict, if, in fact, any at all, as to what the respondent did and said that is sought to be made the basis of plaintiff's cause of action herein, but, when analyzed, it is, at most, a difference of opinion merely as to the proper inference to be drawn therefrom. The plaintiff and her compurgators express the opinion that the respondent is so biased and prejudiced against the plaintiff as to prevent him, as judge, from giving the plaintiff and her cause of action a fair and impartial consideration and reaching a fair and just conclusion in her behalf. The respondent insists that his conduct as shown by the record was without any improper motive toward or in behalf of either party; that he was not conscious of any feeling of bias or prejudice in the matter of the rights of either, but, on the contrary, all things were said and done with a friendly motive and desire to do entire justice between the parties and to preserve the estate of O. D. Strother intact during the time he was laboring under heavy financial difficulties, so that the best provision possible could be made for both of said litigants out of the same and that entire justice might be done to the parties.

This, we think, presents the issues involved fairly, and, unless we can say from the record before us that the plaintiff has a clear, legal right to the writ, her application should be refused. Stearns, Mayor, v. Sims, 24 Okla. 623, 104 Pac. 44, 24 L. R. A. (N. S.) 475; Turner v. McCain, 26 Okla. 132, 109 Pac. 821; State ex rel. West, Atty. Gen. v. McCafferty, Co. Treas., 25 Okla. 2, 105 Pac. 992, L. R. A. 1915A, 639; Myers v. Bailey, Dist. Judge, 26 Okla. 133, 109 Pac. 820.

The question of compelling a trial judge to certify his disqualifications has frequently been before the Criminal Court of Appeals of this state as well as this court, and that honorable court and this are in perfect harmony in announcing the rule above stated, and that mandamus is not a writ of right, but one resting within the sound judicial discretion of the court. Ex parte Hudson, 3 Okla. Cr. 393, 106 Pac. 540, 107 Pac. 735; Ingles v. McMillan, Judge, 5 Okla. Cr. 130, 113 Pac. 998, 45 L. R. A. (N. S.) 511.

From an examination of the record we are clearly of the opinion that the plaintiff's application is not within the rules of law announced herein, and it is therefore denied.

SHARP, RAINEY, HARRISON, and McNEILL, JJ., concur.