## BEALL, Mayor, v. VERNOR, Dist. Judge.

No. 17306—Opinion Filed April 6, 1926.

Original action in mandamus by F. B. Beall, Mayor of City of Muskogee, against Enloe V. Vernor, District Judge. Writ granted

Dissenting Opinion.

RILEY, J. (dissenting). In this case the court, by a majority of the members, has issued its order in mandamus requiring the Honorable Enloe V. Vernor, district judge of Muskogee county, to certify his disqualification in the trial of cause No. 16668, district court of Muskogee county, Paul C. Williams et al. v. F. B. Beall, Mayor of the City of Muskogee. No opinion as yet has been filed in this matter representing the views of the majority members of the court showing their basis for said order.

I cannot refrain from expressing my views, which are in conflict with those of the majority opinion.

This matter grows out of an election controversy in the city of Muskogee, which is under the charter form of government. The mayor, F. B. Beall, contends that the city charter is exclusive, and by virtue thereof he, as mayor, is authorized to appoint all of the election officials in conducting said election. The opposing contention is that the city charter is not exclusive, and that by the terms thereof, which puts in force the state statutes, the election machinery shall be selected in compliance with the state law. It also appears that in the proceeding filed in the district court the respondent herein has issued an alternative writ of mandamus requiring the mayor of said city to appear and show cause why said election officials should not be appointed in compliance with the state law as he construes it. The mayor, and those associated with him, then applied to the Supreme Court for a writ of prohibition to prohibit said district judge from proceeding further in said matter, which was denied by this court during the forenoon of April 5th. It appears that the district judge then proceeded with said hearing, and that during the afternoon of said day, the mayor, through his attorneys, applied to this court for a writ of mandamus to compel said district judge to certify his disqualification and to desist from further proceeding in said matter, and the order of the majority members of the court, above referred to, was then entered.

It appears that the district judge had no notice of this application, and, therefore, had no opportunity to file a response, and had no opportunity to be represented in the hearing, either in person or by attorney.

The matter of requiring a district judge to certify his disqualification is a matter of serious consequence, and may indirectly question his honesty, integrity, and motives in such proceedings.

The application for the writ of mandamus issued herein was based upon the following affidavit:

"In the District Court in and for Muskogee County, Oklahoma. Paul C. Williams et al., Plaintiffs v. F. B. Beall, Mayor of the City of Muskogee, Oklahoma, Defendant. No. ———. Affidavit of Disqualification. F. B. Beall, being first duly sworn, deposes and says that he is the mayor of the city of Muskogee, Oklahoma, and is the defendant in the above entitled cause; that the Honorable Enloe V. Vernor, judge of the district court within and for said county of Muskogee, Okla., is disqualified to sit in the trial of said cause by reason of the fact that he is biased and prejudiced against this defendant and because he is biased and prejudiced in favor of the plaintiffs; and this defendant states that a fair and impartial trial of the above entitled action cannot be had by him before said judge. (Signed) F. B. Beall. Subscribed and sworn to before me this 5th day of April, 1926. Wm. Kremer, Notary Public. My commission expires May 22, 1926."

This affidavit is the form prescribed by statute for change of venue in the justice court, and is sufficient solely because made so by statute. This court has, however, repeatedly held that such affidavit is not sufficient to disqualify a district judge. In order to do this, the affidavit must set forth the facts which are sufficient to show his disqualification. There are no grounds or facts set forth in this affidavit as required by section 2633, Compiled Oklahoma Statutes, 1921, but the affidavit is merely one of conclusions. In addition to this, no notice was given as required by section 2633, supra, which provides that three days' notice must be given before a hearing shall be had upon an application to disqualify a trial judge, and not only was there failure of the notice required by statute, but the trial judge had no actual notice of said hearing, and, as above stated, had no opportunity to file a response thereto or to appear either in person or by an attorney and defend such proceedings. In fact, the sole and only basis for the issuance of said writ was the affidavit above set forth.

The applicant for such a writ for such purposes must show a clear legal right thereto, otherwise such application will be denied. Strother v. Bolen, 72 Okla. 310, 181 Pac. 299.

From the foregoing, I cannot see that under our law the applicant has shown a clear legal right to the writ, and since a clear legal right is not shown as the first step, the second step, which is the sound judicial discretion of the court to which such application is made, does not come into existence and cannot be exercised.

MASON and CLARK, JJ., concur.