REFERENDUM — MAJORITY VOTE
A Referendum measure to be referred to the people, by the Legislature, necessitates only a majority vote, as any other legislative act; rather than a two-thirds vote as is required for proposed amendments to the Constitution by Article XXIV, Section 1 of the Oklahoma Constitution. The Attorney General has received your letter wherein you ask the following question: "Where a measure, other than a proposal for the amendment of the Oklahoma Constitution, is referred by the Legislature to the people by the referendum with provision that a special election be held for the purpose of making such reference, may the special election be held based on approval thereof by a simple majority vote of each house or is a two-thirds vote of each house necessary for the calling of a special election by the Legislature?" The pertinent provisions of the Constitution relative to your question are found in Article V and Article XXIV of the Oklahoma Constitution. Article XXIV, Section 1 of the Oklahoma Constitution, provides: "Any amendment or amendments to this Constitution may be proposed in either branch of the Legislature, and if the same shall be agreed to by a majority of all members elected to each of the two Houses, such proposed amendment or amendments shall with the years and nays thereon, be entered in their journals and referred by the Secretary of State to the people for their approval or rejection, at the next regular general election except when the Legislature, by a two-thirds vote of each House, shall order a special election for that purpose. If a majority of all electors voting at such election shall vote in favor of any amendment thereto, it shall thereby become a part of this Constitution. "If two or more amendments are proposed they shall be submitted in such manner that electors may vote for or against them separately." Article XXIV, Section 3 provides that the right of amendment by Initiative Petition shall not be impaired. This Section provides: "This article shall not impair the right of the people to amend this Constitution by a vote upon an initiative petition therefor." Article V, Section 2 and Article V, Section 3 of the Oklahoma Constitution, discuss the Initiative and Referendum forms of enacting legislation. Article V, Section 2 provides "The first power reserved by the people is the initiative, and eight per centum of the legal voters shall have the right to propose any legislative measure, and fifteen per centum of the legal voters shall have the right to propose amendments to the Constitution by petition, and every such petition shall include the full text of the measure so proposed. The second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health or safety), either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted. The ratio and per centum of legal voters hereinbefore stated shall be based upon the total number of votes cast at the last general election for the State office receiving the highest number of votes at such election." (Emphasis added) Section Article V, Section 3 provides: "Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the Legislature which passed the bill on which the reference is demanded. The veto power of the Governor shall not extend to measures voted on by the people. All elections on measures referred to the people of the State shall be had at the next election held throughout the State, except when the Legislature or the Governor shall order a special election for the express purpose of making such reference. Any measure referred to the people by the initiative shall take effect and be in force when it shall have been approved by a majority of the votes cast in such election. Any measure referred to the people by the referendum shall take effect and be in force when it shall have been approved by a majority of the votes cast thereon and not otherwise." (Emphasis) With respect to the question herein presented, reference is made to Opinion No. 63-271 issued May 24, 1963, addressed to the Honorable J. D. McCarty, Speaker of the House of Representatives. The below quoted section concerning Senate Bill 139 distinguishes between a constitutional amendment and a legislative measure. The opinion stated: "However, if Senate Bill No. 139, as amended by said House Committee, is interpreted: "(a) To propose a legislative measure insofar as same applies to the length of terms of office of county officers, as authorized by Sections 1, 2, and 3, Article 5, of our State Constitution as construed in the case In re Initiative Petition No. 2, 26 Okl. 548, 109 P. 838, wherein it is in effect held that under said sections "(1) a bill may be 'initiated by the Legislature, to take effect and be in force as a law when approved by the people', and "(2) the Legislature may, as a 'referendum measure,' enact a law and provide that the same shall not take effect and be in force until it shall have been approved by a majority of the votes cast thereon, such as was proposed by said bill prior to its amendment by said House Committee, and (b) To propose a constitutional amendment insofar as same applies to length of terms of office of members of the Oklahoma Legislature, "The Attorney General is of the opinion that said amended bill, as so construed, would not come within the purview of either Sections 1, 2 and 3 of Article 5, or Section 1 of Article 24 of our State Constitution and hence would be without force or effect. "In this connection we believe that Senate Bill No. 139, as amended by the Senate but before it was amended by said House Committee, was in proper form (in fact, this office helped prepare said amendment). It will be here noted that in an April 20, 1949 memorandum opinion of the Attorney General it was held: " 'Inasmuch as our state constitution does not require a legislative measure so initiated and/or referred by the Legislature, if it is desired thereby that same be submitted to the people at a special election, to be ordered so submitted by separate vote of each House or by more than a majority vote of each House thereof (it is otherwise as to constitutional amendments proposed by Legislature under authority of Section 1, Article 24 of our State Constitution), it would appear that a separate vote for such submission is not required, and that such a measure need only be adopted by a majority vote of each House."' (Emphasis theirs) In the case of In re Initiative Petition No. 2, 109 P. 823, the Court said that a Referendum measure is where either the Legislature enacts the law and provides that the same shall not take effect and be in force until it shall have been approved by a majority of the votes cast thereon, at an election at which it is to be submitted or when an emergency is not declared to such measure by virtue of Article V, Section 58 of the Constitution and within ninety days after the adjournment of such session of the Legislature at which it was passed a petition signed by five percent of the legal voters demand that it be submitted to the people for approval or rejection. This case nor does any other case require that the Legislature, by a two-thirds vote, refer such Referendum to the people. Of particular import is Article V, Section 2 of the Constitution wherein it states that the Referendum may be ordered either by petition or by the Legislature as other bills are enacted. It would seem clear therefore that such order would only require a majority of the votes of the Legislature. In the case of In re State Question No. 216, Referendum Petition No. 71, Talman, et al. v. Williamson, 68 P.2d 424
(1937) the Court stated that the Constitution, Article V, Section 2 provides two methods by which matters may be referred to the people under the power of the Referendum. And that the different methods were dependent upon whether any particular matter was referred by petition or by the Legislature; however in either case, it was provided that by Article V, Section 3 of the Constitution any measure would have to have been approved by a majority vote. The only place a two-thirds vote is required, is under ArticleXXIV, Section 1 of the Oklahoma Constitution when the Legislature proposes an amendment to the Constitution. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A Referendum measure to be referred to the people, by the Legislature, necessitates only a majority vote, as any other legislative act; rather than a two thirds vote as is required for proposed amendments to the Constitution by Article XXIV, Section 1 of the Oklahoma Constitution. (Marvin C. Emerson)