STYLE OF LEGISLATIVE ENACTING CLAUSE Subject to the provisions of Article V, Section 3, Oklahoma Constitution, prescribing the form of enacting clause for initiative and referendum measures, the Legislature has the prerogative to determine the style of the enacting clause of bills which it enacts. Except as to initiative and referendum measures, the appropriate style for the enacting clause is "Be it Enacted by the Legislature of the State of Oklahoma". The adoption of said style would not affect the validity of the laws previously enacted which utilized the style applicable to initiative and referendum measures. The Attorney General is in receipt of your opinion request wherein you ask the following questions: "1. Based on the Oklahoma Constitution and Court decisions, is it a prerogative of the Legislature to determine the style of the enacting clause for bills which it enacts? "2. If your answer is affirmative, would it not be more accurate to adopt the style: 'Be it Enacted by the Legislature of the State of Oklahoma?' "3. Would the adoption of said style for bills introduced have any adverse effect on laws previously enacted wherein the style was 'Be it Enacted by the People of the State of Oklahoma?' " Your letter states the following background information: "Since statehood the style of bills enacted by the Legislature has been: " 'Be it Enacted by the People of the State of Oklahoma. ' "Apparently, said style was adopted and has been continued because of an erroneous interpretation of Article V, Section 3, Paragraph 2, Oklahoma Constitution, which provides that " 'The style of all bills shall be: " ' "Be it Enacted by the People of Oklahoma" ' "Said Section 3 relates only to initiative and referendum measures and the Oklahoma Supreme Court and the Court of Criminal Appeals have both so held. "The Court has stated that " 'That portion of this section 'Section 3) which provides that the style of all bills shall be: "Be it Enacted by the People of the State of Oklahoma," applies only to bills adopted by the people under the initiative and referendum clause.' "Mayes v. Pitchford, 26 Okl. 129, 109 P. 821. Ex parte Hudson, 3 Okl. Cr. 393, 106 P. 540." We agree with your analysis of the court decisions and find no later authority to modify their holdings. As to your first question, in Ex parte Hudson, supra, the Court based its decision in part on authorities holding that constitutional provisions providing the style of enacting clauses are not mandatory, but merely directory. In this case the Court upheld the constitutionality of an act (Session Laws 1909, p. 167), which completely omitted an enacting clause. It is apparent, therefore, that in Oklahoma the Legislature has the discretion to determine the style of the enacting clause for bills it enacts. Enactments which are referred by the Legislature to the people by the referendum should, however, contain the style of enacting clause provided by Article V, Section 3, Oklahoma Constitution. As to your second question, the style you suggest would seem to be the appropriate style for general use in bills considered by the Oklahoma Legislature. As to your third question, we find no authority which would cast doubt on the validity of laws enacted with the enacting clause "Be it Enacted by the People of the State of Oklahoma" by reason of a change in the customary style. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Subject to the provisions of Article V, Section3, Oklahoma Constitution, prescribing the form of enacting clause for initiative and referendum measures, the Legislature has the prerogative to determine the style of the enacting clause of bills which it enacts. Except as to initiative and referendum measures, the appropriate style for the enacting clause is "Be it Enacted by the Legislature of the State of Oklahoma". The adoption of said style would not affect the validity of laws previously enacted which utilized the style applicable to initiative and referendum measures. (Joe C. Lockhart)