### MANSFIELD, SIZER & GARDNER v. SMITH.

No. 21352. Opinion Filed Dec. 13, 1932.

Brunson, Kemp & Ahrens, for plaintiffs in error.

J. F. McKeel, for defendant in error.

KORNEGAY, J. This proceeding originated in the district court of Pontotoc county. It was brought by John B. Smith, as plaintiff, on the 5th of January, 1929, alleging in his petition that he had been in possession of certain land since the 26th of March, 1918, and that on the 17th of March, 1928, the defendants J. W. Walker and Vicey Walker had made a contract with the law firm of Mansfield, Sizer & Gardner concerning the land, and caused it to be recorded, and also, on the 18th of June, 1927, that J. W. Walker had executed a similar contract with B. C. Wadlington, which had been recorded, and that both of the contracts were attorney contracts to sue for an interest in the property, and that they had been willfully and wantonly made and filed, and the title had been clouded, and damages were asked for, and that the claims be removed as clouds on the title, and that defendants be forever enjoined from exerting any claim to the property. The petition was amended upon the death of J. W. Walker, and his heirs were made parties.

An answer was filed by Mansfield, Sizer & Gardner, defendants, setting up their con-

tract, and the fact that their clients, J. W. Walker and Vicey Walker, claimed that, about the 6th of August, 1915, in order to enable them to borrow some money on the land of their deceased child, they had conveyed to James W. Bolen the land for the purpose of enabling him to borrow money on it for their benefit, and that he had turned over to them $375, alleging that this was all he could borrow on it and he was tired of being worried with it, and that about the 13th of March, 1916, he reconveyed the land by quitclaim deed to Vicey Walker, and that neither of them knew at that time that Bolen had executed a real estate mortgage on the land to the Alliance Trust Company for $2,500, and that suit to foreclose the same was filed on or about the 8th of July, 1916, and the style of the suit was "Oscar H. Poehler, Plaintiff, v. James W. Bolen et al., Defendants," and that the journal entry showed that Bolen and wife withdrew their demurrer, and that the plaintiffs dismissed without prejudice the claim against James W. Bolen and Kate Bolen, his wife.

There was a further allegation that the order confirming a sheriff's sale was signed by the said James W. Bolen, who was the district judge, which directed the sheriff to execute a deed to Oscar H. Poehler, the purchaser, and that the said Bolen was disqualified to so act, and that the order was void, and it being void, no title passed under the sheriff's deed executed in compliance with the order. It further averred that they were about to bring suit in the federal court to protect the client's interest when this suit was filed.

The Walkers filed a similar answer, and also a cross-petition to set aside the sheriff's deed, setting out the proceedings. Averment was made that the deed of the sheriff was made on the 20th of February, 1918, with a charge of fraudulent conduct between the plaintiff in the mortgage foreclosure and James W. Bolen in dismissing the case as to Bolen, and that the deed should be canceled as being a cloud upon their title as heirs of Noah Walker, and they averred that they had been damaged $4,500 by reason of not being able to lease it for oil, and agricultural purposes, $3,240, and they were entitled to an attorney's fee of $500, and they asked for judgment for these amounts. The deed to Bolen appears to have been made the 6th of August, 1915, and was a straight warranty deed for a recited consideration of $2,500. It was filed for record on the 18th of August, 1915. Quitclaim deed from Bolen was filed for record on the 20th of March, 1916, and the

mortgage to the Alliance Trust Company was dated the 21st of August, 1915, and was for the amount of $1,200, and was signed by Bolen and wife, and recorded on the 23rd of August, 1915.

There was a foreclosure by Oscar H. Poehler, plaintiff, to whom the mortgage was assigned by the trust company, and a journal entry of judgment was entered on the 30th of April, 1917. It recites the appearance of J. W. Walker and Vicey Walker by their attorney, Lafayette Walker, and appearance of Poehler by I. R. McQueen, and appearance of James W. Bolen and Kate Bolen by their attorneys, Crawford & King. Jury was waived and the matter submitted to the court, and James W. Bolen and Kate Bolen, by leave of court, withdrew their demurrer, and the cause as to them was, by the plaintiff, dismissed without prejudice.

The case was tried before Judge George Crump, and the plaintiff introduced the note and mortgage and the assignment thereof, and the testimony of witnesses. The Carter Oil Company produced its oil lease, and the defendants Walker did not introduce any testimony. The court found the amount of the note and mortgage to be $1,398 and that amount was owing to the plaintiff, and also found $120 attorney's fees and cost, and further found that since the mortgage was executed, James W. Bolen and Kate Bolen had conveyed all of the real estate to Vicey Walker subject to the mortgage indebtedness, and that Vicey Walker was the present owner.

Appraisement being waived, the order of sale was required to await six months, and directions were given as to the sheriff's advertisement and selling, the application of the proceeds to the payment of the costs, payment of the indebtedness, and the balance being brought into court until further order was made. It was further ordered that from and after date of said sale, all the above-named defendants and all persons claiming by, through, or under them or either of them since the commencement of the action, be forever barred and foreclosed of all right, title, interest, equity, and estate in and to said real estate and each and every part thereof. It is further adjudged that the Carter Oil Company had a valid lease upon the property.

Six months thereafter the order of sale was issued, and the sheriff exposed the property to sale, after advertisement, which appears to be regular, and made a return of sale of its having been made to Oscar H.

Poehler for $1,647, he being the highest and best bidder for the property. This return was made on the 24th of December, 1917. On the 4th of January, 1918, at the regular term of court, the plaintiff moved for an order of confirmation of this sale, and for an order directing the sheriff to deliver the deed to the purchaser, the order reciting that the court was fully advised in the premises and had examined the records in the proceedings, and that the proceedings had been regular and according to law, and the motion for confirmation was sustained, and the sheriff directed to make a deed according to law. There was a further order for the surrender of possession by any of the parties thereto, and the placing of parties in possession by the sheriff in case of refusal. Deed of the sheriff is dated February 20, 1918. It was recorded on the 20th of February, 1918. The purchaser, on the 26th of March, 1918, conveyed the property to the plaintiff, John B. Smith, for $3,600.

Guardians ad litem were appointed by order of Orel Busby, district judge, and a reply and answer to the cross-petition was made, and the proceedings were again set out in detail, and the allegation concerning the action of James W. Bolen, who had been a defendant in the case, is as follows:

"This plaintiff further admits that on the 4th day of January, 1918, an order confirming sheriff's sale was made and entered in said cause, in the district court of Pontotoc county, Okla., and admits that same is signed by J. W. Bolen as judge of said court, and admits that James W. Bolen and J. W. Bolen are one and the same person and admits that he was named as a defendant in the beginning of said suit and admits that before judgment was rendered said suit was dismissed as to the said Bolen, as in the cross-petition alleged, but this plaintiff specially denies that J. W. Bolen, at the time of signing said order of confirmation, was a party to said suit or had any interest therein, and denies that he ever had any interest in the subject-matter of said suit, except as the agent of James W. Walker and Vicey Walker, the real debtors, and denies that his interest in said suit and the fact that he was a defendant therein amounted to a disqualification on the ground of public policy, and say that such disqualification may be waived either expressly or impliedly, and that if there was any disqualification whatever that same has been at least impliedly waived, and denies that said order of confirmation is void or even voidable, unless same had been timely and properly attacked, and denies that same may be attacked collaterally, as is attempted in this case, and denies that the judgment, order of sale, return of sale or order of confirmation, or any other proceedings may be attacked collaterally as is attempted in this case. The plaintiff further admits that said order of confirmation was a final order, an appealable order, but say that said order was never appealed from and this plaintiff admits that Oscar Poehler was the purchaser of said land at said sale and admits that the sheriff of Pontotoc county made, executed, and delivered his sheriff's deed conveying said lands to the said Oscar Pochler, as in said cross-petition alleged, but denies that said deed or said order of confirmation, or either of them, is void and denies that cross-petitioners have alleged or set out any facts showing or tending to show the invalidity of any of said orders, deeds, etc."

There was an allegation as to lack of knowledge as to the improper conduct of Bolen, averring that Bolen was the agent of the Walkers to mortgage the land, and there was a denial of any fraud being practiced upon the court, and claim that the plaintiff, Smith, had bought the property as an innocent purchaser. Further allegation was made that if any fraud was practiced upon the Walkers, they knew of it on July 11, 1916, and it was their duty to proceed within two years, and that the cross-petitions were filed many years after the term at which the orders were rendered, and that no acts constituting fraud were alleged, and that if any were, they could not be imputed to the plaintiff. The further allegation is made that the parties knew on July 11, 1916, all of the disqualifications, if any, of said James W. Bolen, and they took no action to have him disqualified, or to bring any suit within the time allowed for relief on the ground of fraud, and they were barred and estopped from attacking the judgment. The lack of Oscar Poehler being made a party was referred to, and it was claimed that the counterclaims set up did not arise out of the transactions involved in the petition. Further averment is made that the real parties were J. W. Walker and Vicey Walker, and that Bolen was merely an accommodation maker of the note and mortgage, and that the cross-petitioners were the real judgment debtors, and the five-year statute of limitations was pleaded and relied on.

A reply was filed consisting of a general denial. On the trial there was a waiver by plaintiff of a claim for damages, and the defendants introduced evidence of the clerk setting forth the record in the original foreclosure suit, in which Oscar Poehler was plaintiff and James W. Bolen, Kate Bolen, Carter Oil Company, J. W. Walker, and Vicey Walker were defendants. Upon these records the defendants asked for judgment,

and the court pronounced judgment quieting title in the plaintiff. No special requests were made for findings, and motion for new trial was had and overruled, and the case is brought here for review.

The brief of the plaintiff in errors sets out the proceedings and attacks the judgment of foreclosure rendered by Judge Crump, largely upon the ground that he did not render a personal judgment against any one. However, this was a proceeding in rem, so far as the land was concerned, and the court found how much the lien was on the land, and we cannot see that there was anything lacking in jurisdiction in the judgment rendered by Judge Crump, as all the parties were before the court, and if Bolen had stayed in, there could have been no reasonable argument that everybody interested was not there, so that full and complete relief could have been granted.

In the second proposition, the order of confirmation is attacked because that order was signed by Judge Bolen, on the ground of his interest. So far as being a party to the record is concerned he had ceased to be that. According to the record in the case, the land had been conveyed to him for the purpose of borrowing money on it to aid the real owners. As to whether he accounted to them properly for all he got on the land, this was not made an issue in this case, and of course would have been open for consideration had the Walkers sued him for an accounting of his trusteeship. Taking the deeds, however, for it, it appears to have been an outright sale. Strangers in dealing with it, in the absence of knowledge to the contrary, would be warranted in believing that the land was really the land of Bolen. However, he had parted with it, and the question arises whether or not the statute of limitations as to attacking judgments was such that the parties were barred.

Complaint is here made that the order of confirmation was void, and the deed fell with it on account of the fact that Bolen, who acted as judge in the matter of the confirmation, was interested in the proceeding and forbidden by the statutes to act. We think it a very salutary rule that judges interested, either financially or prejudicially, should not sit in the trial of a case and that if the judge himself has not sufficient conscience to vacate. it is a very healthy rule that another power can make him do so. However, in the absence of an application for this order, the Supreme Court of Oklahoma is committed to the doctrine that the judgment is scarcely voidable.

The authorities are reviewed under the case of Tari v. State of Ohio, 57 A. L. R. 284. The doctrine of the leading case on the subject, Tumey v. State of Ohio (U. S. Sup. Ct.) 71 L. Ed. 749, is there discussed and reviewed, and other authorities on the subject are cited, and several cases from this state are cited. The case of Holloway v. Hall, 79 Okla. 163, 192 P. 219, decided by the Supreme Court of Oklahoma, and the case of Ex parte Hudson, 3 Okla. Cr. 393, 106 P. 540; 107 P. 735, by the Criminal Court of Appeals of the State of Oklahoma, under the statutes then in existence on the subject, which are now carried forward as section 2911, O. S. 1931, are conclusive upon the proposition that the judgment in this case of confirmation was sufficient, and that the deed based thereon was warranted by the proceeding. However, as applied to the present case, it is not apparent that Bolen was disqualified to confirm a sale that was made under preceding orders of the court, by reason of the fact that he had at one time been a party to the proceedings and had been dismissed therefrom. There is no evidence as to his being directly interested in what he was then doing, other than a statement that he had only given to the real parties in interest a portion of the money he had borrowed.

Besides this, the grantors of the attorneys, part of whom are the present plaintiffs in error, and the ancestors of part of the plaintiffs in error, and the remaining plaintiff in error, were parties to that suit, and were represented by a representative of the United States government, and presumptively their entire interest was looked after in that case. While not technically debtors in the sense that a personal judgment was obtained against them in that case, yet the owners of the land, against which the charge was made and which was sold in the proceeding, were parties thereto.

Under these conditions, the court below did not commit error in rendering a judgment clearing the title of the purchaser at the execution sale, who had been in adverse possession of the property for over ten years, claiming under the deed executed to him by the officer pursuant to the sale.

Finding no reversible error in the case, the case should be affirmed, and it is accordingly so ordered, at the cost of the plaintiffs in error.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.