## FOX v. ZIEHME *et al.*

No. 1401.   Opinion Filed December 12, 1911.

Rehearing Denied January 9, 1912.

(120 Pac. 285.)

1.   **LIMITATION OF ACTIONS — Demurrer — Bar of Limitations.**
     Where the petition shows on its face that the cause of action
     set out therein is barred by limitations, a demurrer urged specially
     on that ground should be sustained, and the overruling of which
     is error.

2.   **JUDGES—Motion for Change—Compliance With Statute.**   Defend-
     ant made application for a change of judge, on the 10th day of
     August, 1909, under the provisions of article 1, c. 27, Sess. Laws
     1907-08, which had been repealed by the act approved March 22,
     1909 (Sess. Laws 1909, c. 14, art. 1).   Held not a sufficient com-
     pliance with the statute ·in force to authorize the court in sus-
     taining the motion, and no error was committed in denying the
     same.

3.   **PLEADING—Judgment on Pleadings.**   It is error for a trial court
     to sustain a motion for judgment on the pleadings where the answer
     properly raised the bar of the statute of limitations as well as
     the statute of frauds, and the existence of an oral contract,
     without which plaintiff could not recover.

(Syllabus by Robertson, C.)

*Error from Pottawatomie County Court; E. D. Reasor, Judge.*

Action by Albert Ziehme *et al.*, doing business as Ravens-
wood Exchange Bank of Chicago, Ill., against O. G. Young, Artis
Kennedy and Virgil Kennedy, partners, under the firm name of
Earlboro Hardware Company, and Pleasant Fox, to recover on
certain promissory notes.   Judgment for plaintiffs.   Pleasant Fox
brings error.   Reversed as to Fox.

*Roscoe C. Arrington* and *A. M. Baldwin,* for Pleasant Fox,
plaintiff in error.

*T. G. Cutlip,* for O. G. Young, Artis Kennedy, and Virgil
Kennedy.

*Frederick King,* for defendant in error Ravenswood Ex-
change Bank of Chicago, Ill.

Opinion by ROBERTSON, C. On March 3, 1905, the Ravenswood Exchange Bank of Chicago, Ill., an unincorporated joint-stock company, of which Albert Ziehme was president, began an action in the probate court of Pottawatomie county against O. G. Young, Artis Kennedy, and Virgil Kennedy, partners, doing business under the firm name of Earlboro Hardware Company, and sought thereby to recover certain sums of money, alleged to be due on five promissory notes, given by the said Earlboro Hardware Company, to the St. Louis Jewelry Company, and by it assigned to the said Ravenswood Exchange Bank. On April 25, 1905, judgment by default was entered against O. G. Young, Artis Kennedy, and Virgil Kennedy for the full amount sued on. Fox, the plaintiff in error, was not a party to this suit, his name nowhere appearing in any of the papers. He was not served with process, nor did he make any appearance. On October 28, 1908, *three years and six months after the rendition of said judgment,* the defendants in said cause, to wit, O. G. Young, Artis and Virgil Kennedy, filed a motion in the county court of Pottawatomie county to vacate said judgment

—"because the said judgment was void, in that at the time of filing the petition and the rendition of the judgment the firm of Earlboro Hardware Company was composed of O. G. Young and Pleasant Fox, and that said Pleasant Fox was not made a party to said action, and for that reason no judgment could be rendered against said hardware company without service of summons, or a waiver of the same, and no appearance was made to the merits of the action. Wherefore, the movants ask an order setting aside said judgment, for said judgment was rendered without jurisdiction. T. G. Cutlip, Attorney for Defendants."

The same day the plaintiff bank filed the following:

"I hereby accept service of the above notice, and consent that the hearing thereon may be presented, heard, and determined at any time. Frederick King, Attorney for Plaintiffs."

And the court on the same day entered an order vacating said judgment.

After the judgment had been set aside, the bank obtained leave to file an amended petition, and for the first time the name of plaintiff in error appears in the pleadings in this case. The

amended petition, after declaring on the notes, as aforesaid, contained the following allegation in an attempt to state a cause of action against Fox:

"Plaintiff further states that on or about the ———— day of July, 1904, one Pleasant Fox purchased the two-thirds interest of defendants Virgil Kennedy and Artis Kennedy in the said partnership, and as a part of the oral contract of purchase agreed with said Artis Kennedy and Virgil Kennedy to assume, and did assume two-thirds of the indebtedness of the said Virgil Kennedy and Artis Kennedy, and on said date became a partner of said defendant O. G. Young, and that the said defendants Pleasant Fox and O. G. Young continued to do business as such partners under the firm name and style of Earlboro Hardware Company, continuing their business in the same name as the former partners had used"—and at the close of each cause of action states: "And the said notes are a part of the indebtedness assumed by Pleasant Fox as a partner."

Except as above stated, the name of Fox nowhere else appears in the amended petition. O. G. Young, Virgil Kennedy, and Artis Kennedy filed separate answers, and alleged that Fox *orally* agreed to assume the indebtedness evidenced by the notes, as a part purchase price for the store. A peculiar circumstance in this case appears in that the defendants filed their motion to vacate the judgment on October 28th, and the bank appeared and consented thereto, and the court vacated the said judgment on the same day, and on the very next day plaintiff filed its amended petition, and Young, and Artis and Virgil Kennedy on this same day, and without issuance and service of summons, appeared and filed their answers and alleged that Fox orally agreed *more than three years and six months prior to said date to pay the said notes sued on* as a part consideration for stock of goods which he had at that time purchased from them.

Fox filed a motion to dismiss the alleged cause of action as to him, which was overruled by the court, and exceptions saved, and also filed a general demurrer, which after alleging that the petition failed to state facts sufficient to constitute a cause of action against him, also specifically alleged that the amended petition on its face showed that the statute of limitations had run against the alleged cause of action, and also that the alleged con-

tract to answer for the debt, default or miscarriage of another, not being in writing, was within the statute of frauds, and therefore void, and, further, for the reason that there was a defect of parties defendant, in that Fox was misjoined with his codefendants and each of them, and also for the further reason that the several causes of action were improperly joined, and that the court had no jurisdiction of the person of the defendant, or of the subject-matter of the action; which demurrer was overruled by the court and exceptions saved. After which Fox filed an answer setting up the same defenses. Thereafter he filed an application for a change of judge, sworn to by himself and corroborated by two persons resident of the county, alleging that he could not have a fair and impartial trial because of the bias and prejudice of said E. D. Reasor, the trial judge, which application was also overruled, and exceptions allowed. Whereupon the plaintiff filed a motion for judgment on the pleadings for the reason that: "The answers of each and all of the defendants herein are insufficient as a matter of defense against plaintiff's petition and do not state facts sufficient to constitute a defense thereto"—which motion was sustained by the court, and a judgment was entered against the defendants, and each of them, for the sum of $343 and costs. Motion for new trial was duly made, presented, overruled, exceptions taken and the defendant Fox brings this appeal to reverse said judgment.

The court erred in overruling the motion to dismiss, as well as in overruling the demurrer, filed by Fox. According to the amended petition filed by the bank on the 29th day of October, 1908, Fox did not purchase the interests of the Kennedys until July, 1904, or of Young until November, 1904. This is also admitted by the answers of Young, and the Kennedys, filed on the same date that the amended petition was filed. Thus, it is apparent that even though Fox did orally agree to pay the notes sued on, yet more than three years had elapsed since that promise had been made, before the bank made any effort to collect the same from Fox. It makes no difference that the bank had been trying to collect this from Young and the Kennedys; they were sued in their individual capacity, and we must also remem-

ber that the motion made by Young and the Kennedys, and which was sustained by the court, and by reason thereof the judgment was set aside, was based upon the ground that no service had been made in the first instance, and that, therefore, the court had no jurisdiction over the parties or the subject-matter of the controversy, and that in consequence thereof the first judgment was void. And, as has been said, this motion having been sustained, we are led to believe that the court found as a matter of fact that there was no service on any of the defendants in the original suit. The journal entry in the original action fails to show any service of any kind, but that is a matter we need not concern ourselves with, for according to our view of the case it would make no difference whether the judgment in the original case against Young and the Kennedys was good or void, so far as the plaintiff in error, Fox, is concerned. This much is certain: Fox was not a party to the original suit, and no one contends that he was, hence he could not by any means be bound by any judgment which may have been rendered therein.

It therefore appears on the face of the pleadings in the case at bar that the oral contract, which Fox is charged with having made, was entered into July, 1904, and this suit, so far as Fox was concerned, was not instituted until the 28th day of October, 1908, more than 3½ years later.

Section 5550, Comp. Laws 1909, provides that:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued, and not afterwards: First. Within five years: An action upon any contract, agreement or promise in writing. Second. Within three years: An action upon a contract not in writing, express or implied."

The mere fact that the suit had originally been filed against Young and the Kennedys, and the judgment thereafter set aside, and an amended petition filed, wherein Fox for the first time was made a party, would not cause the amendment to relate back to the commencement of the suit. The bank at the time it filed the suit against Young and the Kennedys in 1904 was satisfied that they were the proper parties to sue, as they were, without a doubt, as is shown by the record in this case, and it will not be

permitted now to come in and say that it was mistaken in a matter of that kind, and at the same time allege that Fox did not purchase the stock, and thereby become liable according to its own contention until July, 1904. Fox, under the pleadings, was not a codefendant with Young and the Kennedys, at the commencement of the original action, and the doctrine of the relating back of amendments had no application whatever to the case at bar.

In *Nelson v. First National Bank*, 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52, is found the following:

"The doctrine of the relating back of amendments to the commencement of a suit is a fiction of law, and should never be applied when it would operate to cut off a substantial right of defense to new matter introduced by the amendment to the complaint, though connected with the original cause of action. The statute of limitations furnishes a defense as meritorious as any other."

In *Butt v. Carson*, 5 Okla. 164, 48 Pac. 183, it is said:

"Thus where a suit is instituted against several parties as codefendants, and summons is not served upon one of them, it has been held that it was too late to bring him in subsequent to the institution of the suit, and before service of summons the statute of limitations has run in his favor."

Therefore, the court not only committed error in overruling the motion to dismiss the amended petition as against Fox, and in overruling the demurrer, but also erred in sustaining a judgment on the pleadings, for the reason that each and all of these pleadings raised the defense of the statute of limitations, which was good as to Fox, and it is an established principle that where a petition shows upon its face that the cause of action is barred by the statute of limitations, such defense may be pleaded either by motion, demurrer, or answer. In the case at bar, he chose all these methods, and yet under the ruling of the court they were not sufficient.

In *Betz v. Wilson*, 17 Okla. 383, 87 Pac. 844, it is said:

"Where the exhibits attached to plaintiff's petition show upon their face that the cause of action set out therein is barred by the statute of limitations, and there are no allegations in the petition to show that the cause of action is not barred, a demurrer

to the petition should be sustained." See, also, *Zane v. Zane,* 5 Kan. 135.

We do not think there was error in the overruling of the motion for a change of judge, for the reason that no proper application therefor was made. A defendant seeking to disqualify a trial judge upon any ground must follow the procedure prescribed in section 5, act March 22, 1909 (Sess. Laws 1909, p. 169, c. 14, art. 1). *Ex parte Hudson,* 3 Okla. Cr. 393, 106 Pac. 540, 107 Pac. 735. In this case application for change of judge was made under section 8 of article 1, c. 27, Sess. Laws 1907-08, which had been repealed prior to the time the application had been made.

It is next contended that the court erred in rendering judgment on the pleadings. This is true beyond question. The answer of the defendant Fox was, first, a general denial; second, the statute of limitations; third, the contract not being in *writing* was void by reason of the statute of frauds. The answer put in issue the oral contract alleged in the amended petition, without a doubt, as well as the defense that the action was barred by the statute of limitations, to say nothing of the other defenses, that the action was a promise not in writing to answer for the debt, default, or miscarriage of another, and was therefore void. The pleadings unquestionably raise an issue of fact in so far as the oral contract alleged to be made by Fox is concerned, and an issue which should have been tried to court or jury. This being true, the court had no right to render judgment on the pleadings. On account of the errors above referred to, the judgment of the county court of Pottawatomie county should be reversed, and the cause dismissed as to Fox, and inasmuch as the other defendants have aided the bank in every possible way to secure the judgment herein, and refused to appeal, or allow Fox to appeal for them, but on the contrary had to be brought here as defendants in error, we are warranted in supposing that they are satisfied with the judgment entered as against themselves, and therefore no order should be made by this court as to them.

By the Court: It is so ordered.

All the Justices concur.