## G. C. BROWN v. STATE.

No. A-838.    Opinion Filed December 14, 1911.

(119 Pac. 447.)

1.   **COURTS — Exercise of Appellate Jurisdiction — Mandamus.**   A mandamus to an inferior court to direct its action in the course of justice is an exercise of appellate jurisdiction.

2.   **COURTS—Jurisdiction—Criminal Court of Appeals — Mandamus.** The Constitution and statutes confer exclusive appellate jurisdiction on the Criminal Court of Appeals in all criminal cases, to be exercised in the manner prescribed by law, and the statutes provide that, upon the refusal of a judge in a criminal case to certify to his disqualification, "application may be made to the proper tribunal for mandamus, requiring him so to do." (Comp. Laws 1909, sec. 2016).   **Held,** that the Criminal Court of Appeals has exclusive jurisdiction to issue the writ of mandamus to an inferior court in proceedings to disqualify the presiding judge in a criminal case, and that the district courts and the Supreme Court on appeal therefrom are without jurisdiction to allow a writ of mandamus for a change of judge in a criminal case.

(Syllabus by the Court.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

G. C. Brown was convicted of a violation of the prohibition law, and appeals.   Affirmed.

*Forrest & Sansom,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was convicted in the county court of Canadian county of a violation of the prohibition law, and on April 23, 1910, was sentenced to serve a term of six months in the county jail, and to pay a fine of $500.   From this judgment he appeals.

The record shows that before trial the defendant filed his application for a change of judge, which, omitting the title and verification, is as follows:

"Comes now the above-named defendant, Chas. Brown, and applies to the court for a change of judge in said action, and states as his ground therefor that the presiding judge of said

county court is prejudiced and biased against said defendant, and that said defendant cannot have a fair and impartial trial before said presiding judge of said court on account of said prejudice and bias. He therefore prays for a change of judge for the trial of said cause."

Which application was denied. When the case was called for trial, the defendant objected to a trial before H. L. Fogg as judge, and, in support of said objection, offered evidence showing that he had instituted mandamus proceedings in the district court, praying for a peremptory writ of mandamus ordering and directing H. L. Fogg, judge of the county court, to grant a change of judge on the aforesaid application, and that, in the event that the writ should be denied by the district court, he would appeal therefrom to the Supreme Court, which objection was overruled and exception allowed.

The defendant's counsel here contend that the county court erred in overruling his application for a change of judge, and that the judge of the county court was without authority to proceed in the trial because the mandamus proceedings in the district court and the Supreme Court to compel said county judge to certify to his disqualification had not been finally determined. The fallacy of this contention is not very recondite. The application for a change of judge is wholly insufficient, and the pendency of the proceedings for mandamus in the district court of Canadian county, or upon an appeal therefrom to the Supreme Court, could in no way affect the authority of the judge of the county court to proceed with the trial of the case, for the sufficient reason that the district courts of this state are without authority or jurisdiction to entertain an application for, or to allow a writ of, mandamus directing a change of judge in a criminal case. Under the constitutional provision and the act defining the jurisdiction of the Criminal Court of Appeals, this court is given exclusive appellate jurisdiction in all criminal causes. Among the provisions defining its jurisdiction is section 1916, Comp. Laws 1909:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction in all criminal cases appealed from county

and district courts in this state, and such other courts as may be established by law."

Section 1917:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction coextensive with the limits of the state in all criminal cases in the manner, and under such regulations, as may be prescribed by law."

In the case of *Ex rel. Eubanks v. Cole, District Judge,* 4 Okla. Cr. 25, 109 Pac. 736, it is said:

"A mandamus to an inferior court is in the nature of appellate jurisdiction. The term 'appellate,' in the constitutional phrase, 'a Criminal Court of Appeals with exclusive appellate jurisdiction in all criminal cases,' is not used in a restricted sense, but in its broadest sense as embracing the power and jurisdiction to review and correct the proceedings of inferior courts in criminal cases brought before it for determination in the manner provided by law."

Section 2016, Comp. Laws 1909, provides:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request him to so certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

Where a mandamus issues to direct the action of a legal tribunal proceeding in the course of justice, it is an exercise of appellate jurisdiction. In other cases it is generally an exercise of original jurisdiction. The Criminal Court of Appeals having exclusive appellate jurisdiction in all criminal cases, an application for a writ of mandamus in a proceeding for a change of judge in a· criminal case under section 2016, *supra,* must be made to this court. For this reason the pendency of the mandamus proceedings in the district or Supreme Court could in no way affect the authority of the presiding judge of the county court to proceed and try this case.

The record shows that, when the court instructed the jury, one of the jurors, Mr. Shupe, made the following inquiry:

"By Mr. Shupe: I am not altogether saitsfied as to the law. The idea is here— By the Court: Right there. These instructions given you are the law of the case, and by these you will be guided. Now, if there is anything you don't understand with reference to these matters after you retire to your jury room, ask the bailiff to bring you back down, and the court will try to explain it to you. It being nearly noon now, we will wait on you a few minutes, and see if you can agree upon a verdict. By Mr. Forrest: I want to take an exception to that statement of the court."

It is contended that this action and language of the court was manifestly prejudicial to a fair consideration of the case by the jury. We think the court sufficiently safeguarded the legal rights of the defendant in the instructions given, yet it would seem that the court in assessing the maximum penalty of the law for the first offense, after the jury had failed to agree on the punishment, to some extent justifies some of the criticisms, if not the contention of counsel that the presiding judge was unfair in his conduct of the trial.

While our examination of the record convinces us of the guilt of the defendant, it also convinces us that the sentence pronounced against the defendant is excessive. It is both the spirit and intention of the law that sentence shall be imposed in criminal cases for the protection of society, and the reformation of the offender. As we view this case, the action of the court complained of prevented the jury from fully considering the case by assessing the punishment in their verdict. For this reason, we have concluded to modify the sentence to the extent of reducing it one-half. The judgment and sentence is therefore modified to read three months' confinement in the county jail of Canadian county, and to pay a fine of $250, and, in default of the payment of said fine, the same to be satisfied according to law.

The judgment of the county court of Canadian county as modified herein is hereby affirmed, and the cause remanded, with directions to enforce the judgment as modified.

FURMAN, P. J., and ARMSTRONG, J., concur.