**HOLLOWAY et al. v. HALL et al.**

No. 9744—Opinion Filed Sept. 7, 1920.

(Syllabus by the Court.)

**Judges—Change of—Time to Urge Disqualification—Appeal.**

Since the adoption of sections 5812 and 5816, Rev. Laws 1910, where parties had knowledge of the alleged grounds of the disqualifications of the trial judge for more than three days prior to the trial and did not avail themselves of the procedure prescribed by section 5816, supra, they cannot urge the disqualification on appeal, or in a collateral attack, on the judgment rendered and orders made by said judge.

Error from District Court, Carter County; T. B. Orr, Special Judge.

Action by Mary P. Hall and another against Ola Holloway and another. Judgment for plaintiffs, and from the refusal of the court to vacate a certain judgment and orders in foreclosure proceedings, defendants bring error. Affirmed.

Geo. A. Ahern and L. R. Mason, for plaintiffs in error.

H. C. Potterf and Earl Q. Gray, for defendants in error.

RAINEY, C. J. The appeal in this case was taken by the plaintiffs in error, plaintiffs below, from the order of the district court of Carter county, refusing to vacate a certain judgment and orders of said court in a foreclosure proceeding originally instituted in said court by Mary. P. Hall and Henry T. Smith for personal judgment and foreclosure against Ola Holloway and D. E. Allen.

The alleged grounds for vacation of the judgment were that Judge W. F. Freeman, who tried several features of the case, was disqualified by reason of the fact that Ola Holloway was his sister-in-law, and that said judgment and orders were, therefore, void, The other grounds for vacation of said judgment were on account of certain irregularities in the proceedings.

We will briefly refer to the history of the litigation. The suit was originally instituted against Ola Holloway, the original mortgagor, and D. E. Allen, who purchased the land and assumed the indebtedness. A demurrer was sustained to the defendant Allen's answer, and he failed to plead further. Judgment was entered against him as prayed for in plaintiff's petition, Judge Eddleman being the trial judge at said time. No appeal was taken from this judgment, and after the expiration of six months the land was sold to Edward R. Holmes and Ralph H. Holmes. This sale was confirmed on November 4, 1915, by order of Judge W. F. Freeman. No appeal was taken from the confirmation of the sale. On January 3, 1916, following, the defendants commenced proceedings to attack the judgment, sale, and confirmation, which proceedings were had before Judge Freeman, as the result of which the confirmation of the sale was set aside, and from this order the plaintiffs appealed. Judge Freeman declined to fix a supersedeas bond or to extend the time to make and serve case-made. The case-made, however, was served within 15 days, and Judge Freeman then refused to sign and settle it, which resulted in a mandamus proceeding being commenced in this court to compel him so to do. These proceedings resulted in Judge Freeman signing and settling the case-made. In the appealed case of Hall v. Holloway, 62 Okla. 192, 162 Pac. 188, this court held that Judge Freeman erred in setting aside the sale, and reversed the case with directions to confirm the sale and to order a deed issued. to the purchaser, and judgment was entered by Judge Freeman accordingly.

Subsequently, the defendants in the original action, Allen and Mrs. Holloway, sought to enjoin the enforcement of the deficiency judgment. At the hearing of the application for temporary injunction Judge Freeman suggested that possibly he was disqualified, whereupon attorneys for plaintiffs in error herein waived the disqualification. The temporary restraining order was denied, and on the 10th day of May, following, plaintiffs in error filed their pleading asking for his disqualification of the judge, and pursuant to which he entered his disqualification. Execution was issued on the deficiency judgment and property alleged to be that of D. E. Allen was sold. At this sale Allen became the purchaser and paid the sheriff the amount bid. Upon Judge Freeman entering his disqualification, T. B. Orr was agreed upon as special judge, and after hearing, the amended petition to vacate the judgment and orders was denied and the sheriff directed to pay the money deposited with him by D. E. Allen, as the purchase price of said land, to the plaintiffs in satisfaction of their deficiency judgment.

If the judgments and orders entered by Judge Freeman were void, the contention made by plaintiffs in error must be sustained. The rule deducible from the authorities is that where the disqualification of a judge is considered a matter of public policy, a waiver will not be allowed and the judge is not authorized to sit in the case even with the consent of the parties, and the judgment is void, but where the disqualification is a personal privilege and the statutes permit a judge to sit with the consent of the parties, it may be waived and the judgment is not void. 15 Ruling Case Law, 540; State v. Ham, 24 S. Dak. 639, 1912-A Ann. Cas. 1070. In a note to the above case the author states:

"In some statutes dealing with the question of the disqualifications of judges it is declared that a disqualified judge may sit when the parties consent. In those jurisdictions, therefore, an objection to the disqualification of a judge may be waived either expressly or impliedly."

To the same effect is the opinion of the Criminal Court of Appeals in Ex parte Hudson, 3 Okla. Cr. 393, 401, 106 Pac. 540, 107 Pac. 735. which case has frequently been cited with approval.

Under section 5812 of our statutes, a disqualified judge may sit by consent of the parties.

Since the adoption of sections 5812 and 5816, Rev. Laws 1910, it has been consistently held by this court that where parties seeking to disqualify a trial judge had knowledge of the grounds of the disqualification for

more than three days prior to the trial and did not avail themselves of the procedure prescribed by section 5816, supra, they cannot urge the disqualification on appeal. Prowant v. Sealy, 77 Okla. 244, 187 Pac. 235; Fox v. Ziehme et al., 30 Okla. 673, 120 Pac. 285; Myers v. Bailey, 26 Okla. 133, 109 Pac. 820; Ingles v. McMillan, 5 Okla. Cr. 130, 113 Pac. 998, 45 L. R. A. (N. S.) 511; Ex parte Hudson, supra.

It logically follows that if, under such circumstances, the question of disqualification cannot be urged on appeal, the judgment is not void and, therefore, is not subject to collateral attack on the ground of the disqualification of the judge. Moreover, a disqualified judge may properly enter a formal judgment directed by the appellate court. Cullens et al. v. Overton, Sheriff, et al. 7 Okla. 470, 54 Pac. 702.

The other grounds for vacation of the judgment and orders are on account of the insufficiency of the evidence in the original proceedings to show liability on the part of D. E. Allen, and irregularities in the appraisement and sale of his property. None of these matters would render the judgment void. The proper place to have taken advantage of them was in the trial court in the original proceedings, or, in the event of an adverse ruling thereon, by appeal. The court had jurisdiction of the parties and the subject-matter, which rendered the judgment valid as against a collateral attack. Welch v. Focht, 67 Oklahoma, 171 Pac. 730. (See cases cited in opinion.) This, in effect, was the holding of the trial court in the instant case, and we find no error therein.

The judgment of the trial court is therefore affirmed.

KANE, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.