## H. A. SADDLER v. CRUMP, District Court Judge.

No. A-5536. Opinion Filed April 25, 1925.
(235 Pac. 263.)

(Syllabus.)

Judges—Personal Prejudice of Judge Entitling Defendant to Change Judge. Where a presiding judge entertains a personal prejudice against a defendant, such fact will entitle the defendant to a change of judge under section 6, art. 2, of the state Constitution; but such prejudice must be shown as a matter of fact, and not as a mere matter of opinion of the defendant or any other person.

Petition by H. A. Saddler for writ of mandamus to be directed by Hon. Geo. C. Crump, Judge of the District Court in and for Hughes County. Petition denied.

O. G. Rollins, for petitioner.

Tom H. Fancher and S. P. Freeling, for respondent.

EDWARDS, J. This is a proceeding by the petitioner for a writ of mandamus to require Honorable George C. Crump, judge of the district court of Hughes county, to certify his disqualification to try petitioner on a charge of criminal contempt, pending in the district court of Hughes county; the petitioner alleging that the said judge entertains prejudice against him, and that prior to the filing of said petition the petitioner had made application

to the court to certify his disqualification, which had been overruled by the said court, and praying that an alternative writ issue and that a hearing be had thereon. This is proper practice under the provisions of section 2633, Comp. St. 1921, and the holding of this court. McLeod v. Graham, 6 Okla. Cr. 197, 118 P. 160; Brown v. State, 6 Okla. Cr. 442, 119 P. 447; Long v. Allen, 10 Okla. Cr. 182, 135 P. 443; Kelly v. Ferguson, 5 Okla. Cr. 316, 114 P. 631; Lewis v. Russell, 4 Okla. Cr. 130, 111 P. 819.

The Constitution (article 2, § 6) guarantees to every person charged with an offense a trial without "prejudice." As applied to a judge, this is properly construed to mean personal prejudice or bias on the part of the judge against the defendant. It does not mean that the judge may not have an opinion of the guilt or innocence of a defendant or may not be prejudiced against the crime with which he is charged, but shall not entertain a personal prejudice against him. In order to disqualify, it must be shown as a matter of fact, and not as a conclusion, that the judge does entertain such personal prejudice. Lewis v. Russell, Judge, supra; State ex rel., etc., v. Lockridge, Judge, 6 Okla. Cr. 216, 118 P. 152, 45 L. R. A. (N. S.) 525, Ann. Cas. 1913C, 251; State v. Brown, Judge, 8 Okla. Cr. 40, 126 P. 245, Ann. Cas. 1914C, 394.

Upon the filing of said petition, an alternative writ issued, requiring the respondent to show cause for his refusal to disqualify in said cause. To said alternative writ the defendant has filed his response, admitting that he is judge of said district court, and that said action for contempt is pending, as alleged, but denying that he entertains any prejudice toward said petitioner or that he is disqualified to preside in the hearing of said case, and further alleging that, if upon the hearing this court should be of the opinion that respondent cannot give the petitioner a fair and impartial trial, he would gladly certify his disqualification.

Upon the issues thus formed, the petitioner offered evidence by affidavit, and the respondent offered evidence by affidavit and oral testimony.

Upon the consideration of the entire record, including the evidence introduced in court both by affidavits and oral testimony, we are clearly of the opinion that the allegation of prejudice is not sustained, and that the petitioner is not entitled to the writ as prayed for.

The petition is denied.

BESSEY, P. J., and DOYLE, J., concur.