## INGRAM v. McNEILL, District Judge.

No. A-7328. Opinion Filed March 30, 1929.
(275 Pac. 660.)

L. A. Justus, Jr., for petitioner.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. This is a proceeding by petitioner for a writ of mandamus to require Hon. Edwin R. McNeill, judge of the district court of Tulsa county, to certify his disqualification to try petitioner upon

a charge for a felony. He alleges that the said judge entertains a prejudice against him and has an opinion of his guilt or innocence and an opinion as to the law under which the prosecution is carried on, and that petitioner cannot have a fair and impartial trial before said judge. This proceeding is proper practice under the provisions of section 2633, Comp. Stat. 1921, and numerous decisions of this court. Saddler v. Crump, 30 Okla. Cr. 157, 235 P. 263, and authorities cited. The Constitution, art. 2, § 6, guarantees to every person charged with an offense a trial without prejudice. As applied to a judge, this is construed to mean personal prejudice of the judge against the accused. It does not mean a judge may not have an opinion of the guilt or innocence of the accused, or may not have an opinion of the applicability of the law to the offense sought to be charged. But, in order to disqualify, it means that he shall entertain a personal prejudice against the accused. In order to disqualify, therefore, it must be made to appear as a matter of fact and not as a conclusion that the judge entertains a personal prejudice.

Upon the hearing in this cause no oral testimony was introduced, and the petition is supported only by affidavits attached thereto. They fall far short of any showing of personal prejudice on the part of respondent, and his counsel admitted that they were unable to make such showing. The petitioner is not entitled to a writ as prayed for.

The application is denied.

DAVENPORT, J., concurs.

CHAPPELL, J., not participating.