CARL PRUITT v. STATE.

No. A-9132.    June 25, 1937.
(70 Pac. [2d] 129.)

Brett & Brett, or plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ralph K. Jenner, Co. Atty., for the State.

BAREFOOT, J. The defendant and Ernest Hankins were charged jointly with the larceny of two mules in Choctaw county. A severance was taken and the defendant tried separately. He was convicted and sentenced to serve a term of eight years in the penitentiary, and has appealed.

The record reveals that A. L. Calfee was the owner of two mules; one an iron gray mare mule, the other a black mare mule; that just prior to the 20th day of November, 1934, his mules were turned into a pasture ad-

joining his home in Choctaw county. When he went to look for them, they were gone. After several days of searching, he found where the mules had been loaded into a truck or trailer at a sand pit in an adjoining pasture. The proof showed that the mules were transported by the defendant, in a trailer, in the nighttime, and sold in the town of Stigler. The defendant was accompanied by a negro boy on this trip, and the defendant admitted that he helped to load the mules and transported them to the town of Stigler where they were sold.

It is useless to give all the circumstances surrounding the larceny of the mules. It was the contention of the defendant that he had purchased them from his codefendant, Ernest Hankins, and did not know they were stolen. The jury heard his defense, but did not believe it, and the defendant was convicted.

The only error complained of by defendant is that the judge who tried this case was prejudiced against him and refused to disqualify, for the reason that the defendant had hired his son to defend him and some controversy had arisen between them and the son had refused to defend him, and that there was enmity existing between the defendant and the son of the presiding judge, and that by reason thereof the presiding judge should have disqualified himself in this case.

The record discloses that the information was filed against the defendant on March 13, 1935, and he was arraigned April 2, 1935, and entered a plea of not guilty. The son retired from the case during the summer of 1935, and the motion to disqualify the presiding judge was not filed until the case was called for trial on November 7, 1935, and this was done by the attorney for the defendant dictating into the record the following motion:

"Comes now the defendant, Carl Pruitt, and moves the Court that the Honorable Geo. R. Childers, presiding as District Judge, certify his disqualification in this action on account of his prejudice against this defendant, Carl Pruitt, and in support thereof states that heretofore the Honorable Wayland Childers, the son of the Honorable Geo. R. Childers, was employed by this defendant as his attorney, and that a serious controversy arose between the said Wayland Childers and this defendant, Carl Pruitt, concerning the fee and the payment of the same, and that thereby arose a considerable hard feeling between them, and that they have had considerable discussion and controversy over those facts, and this defendant feels on account of those facts that the Honorable Geo. R. Childers has a feeling of ill will towards him and should certify his disqualification in this case. It is agreed that the oral motion may be considered and that the filing of written motion is waived. It is agreed that the dictated motion may be considered as written and filed."

Defendant, testifying in support of this motion, says:

"Q. Did any controversy come up between you and Mr. Childers after that? A. Yes, sir. Q. How long after this? A. It was this summer. Q. Did you have any argument with him about your fee? A. Yes, sir. Q. Did he later quit your case, or was discharged by you? A. He quit me and quit speaking to me. Q. Did you have words about it? A. Yes, sir. Q. Had a heated argument? A. Yes, sir. Q. And ill feeling between you? A. Yes, sir. Q. You now feel that on account of that Judge Childers should not try your case? A. Yes, sir. Q. Wayland Childers is the son of Judge Childers? A. Yes, sir. Q. And a practicing lawyer at Idabel? A. Yes, sir. By the Court: The motion is overruled for the reason that I knew nothing of the argument. Exception allowed."

What is necessary to disqualify a trial judge under the law is set forth in Oklahoma Statutes 1931, § 2915 (22 Okla. St. Ann. § 575), which is as follows:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

From a reading of the above statute, it will be noted there was no attempt to comply with its terms. The statute requires the filing of a written application setting forth the facts upon which the claim is made, that the judge is disqualified, and if the judge so finds, he should so certify. The opposite side is to be given reasonable notice. If the judge fails to make his certification within three days before the cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do. It has been held by this court that the Criminal Court of Appeals is the proper court for such application in criminal cases. See Brown v. State, 6 Okla. Cr. 442, 119 P. 447.

In the instant case, there was no attempt to give the notice required by the statute. The application was not made to the trial court until the very day the case was set for trial, although the record shows that the son of the presiding judge withdrew as counsel in the case during the summer prior to the trial in November. The application was by dictating orally into the record, and at no time was application made to this court asking for a writ of mandamus.

Prior to the passage of the above statute, which was effective from June 10, 1909, the uncorroborated affidavit

of the accused was all that was necessary to file, alleging the bias and prejudice of the presiding judge, and this within itself operated to disqualify him. The truth of the affidavit, or the motive of the defendant in making it could not be denied. A change of judge was imperative with the filing of the affidavit. With the coming of statehood, the courts found this statute very much abused. Dockets would be set and the affidavit would often be filed when the case was called for trial, and after witnesses had been subpoenaed and were in attendance on the court. It not only caused additional costs to the county and continuance of cases, but it often delayed, obstructed, and finally defeated justice.

After citing these injustices under the old statute, and after the enactment of the new, Judge Richardson, in an early case before this court, Lewis v. Russell, Judge, 4 Okla. Cr. 129, 111 Pac. 818, 819, in construing the above statute, said:

"Under this section it is necessary that the application for a change of judge be filed with the clerk of the court below; that it set forth the grounds—that is to say, the facts upon which the claim is made that the judge is prejudiced—and that the same be presented to such judge, reasonable notice thereof being first given to the prosecution. If the application is in compliance with the statute, and the judge concedes that he is prejudiced, he certifies his disqualification as requested. On the other hand, if the application be in proper form, but the judge does not admit his disqualification, and therefore refuses to make the certificate, a petition may be filed for a writ of mandamus to require him to do so; and the question of his disqualification will then be tried out and determined in the appellate court upon the petition, the response, and such proof as may be there offered. But the filing of an application with the clerk below in full compliance with the section above quoted is a prerequisite to the pro-

curing of the writ. The facts upon which the claim of prejudice is made must be set out in the application so that the judge and the other side may know what is claimed and upon what the claim is based; and it is not sufficient to set those facts out for the first time in the petition for the writ. Myers v. Bailey, 26 Okla. 133, 109 Pac. 820; Mayes v. Pitchford, 26 Okla. 129, 132, 109 Pac. 821; Ex parte Hudson, 3 Okla. Cr. 393, 106 Pac. 540, 107 Pac. 735. In the present case no pretense was made of complying with the statute in this respect, and therefore there was nothing upon which to base the petition for the writ of mandamus. The writ is therefore denied."

See, also, the later cases following this. Kelly v. Ferguson, 5 Okla. Cr. 316, 114 Pac. 631; Whitfield v. Walden, Judge, 31 Okla. Cr. 332, 239 Pac. 266; Ingram v. McNeill, 42 Okla. Cr. 291, 275 Pac. 660; Holloway v. Hall, 79 Okla. 163, 192 Pac. 219.

In the case of Saddler v. Crump, Judge, 30 Okla. Cr. 157, 235 Pac. 263, 264, the court says:

"The Constitution (article 2, § 6) guarantees to every person charged with an offense a trial without 'prejudice.' As applied to a judge, this is properly construed to mean personal prejudice or bias on the part of the judge against the defendant. It does not mean that the judge may not have an opinion of the guilt or innocence of a defendant or may not be prejudiced against the crime with which he is charged, but shall not entertain a personal prejudice against him. In order to disqualify, it must be shown as a matter of fact, and not as a conclusion, that the judge does entertain such personal prejudice. Lewis v. Russell, Judge, 4 Okla. Cr. 129, 111 Pac. 818, supra; State ex rel. etc. v. Lockridge, Judge, 6 Okla. Cr. 216, 118 Pac. 152, 45 L. R. A. (N. S.) 525, Ann. Cas. 1913C, 251; State v. Brown, Judge, 8 Okla. Cr. 40, 126 Pac. 245, Ann. Cas. 1914C, 394."

We have examined the authorities cited by defendant in his brief to support his contention. The first case

cited of Ex parte Ellis, 3 Okla. Cr. 220, 105 Pac. 184, 25 L.R.A. (N.S.) 653, Ann. Cas. 1912A, 863, is a habeas corpus case construing section 8, article 1, chapter 27, page 285, of the Session Laws of 1908, which provides:

"No judge of the county court shall sit in any cause or proceeding pending * * * after any party thereto * * * has filed an affidavit in writing, corroborated by two credible persons residing in the county, stating that affiant has good reason to believe, and does believe, that the judge is so prejudiced against him that he cannot have a fair and impartial trial if such judge continues to preside in such cause."

This case does not attempt to construe the statute passed in 1909, the same being Oklahoma Statutes 1931, § 2915 (22 Okla. St. Ann. § 575), being the section now in force in this state. The facts in the instant case are very much different from the case of State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 Pac. 433, cited by defendant.

The case of Stephens v. Stephens, 17 Ariz. 306, 152 Pac. 164, is based wholly upon a statute which required that the certificate be made upon the mere filing of the affidavit of belief of bias or prejudice. This statute was the same as the early Oklahoma statute, and, therefore, has no application under the statute now in force in this state.

We realize that it is a fundamental rule that courts of justice should be open to every person and speedy remedy afforded for every injury to person, character, or property, and as expressed by our Constitution (article 2, § 6), that "right and justice shall be administered without sale, denial, delay, or prejudice." But from an examination of the record in this case, we find that not only the statute above quoted has not been complied with, we further find nothing to show that the presiding judge in

this case was prejudiced against the defendant. The evidence given by the defendant himself was a mere conclusion, and no facts were shown which would entitle one to believe that any prejudice existed. Nothing in the trial of the case occurred which would indicate that the trial court was in any way prejudiced against the defendant.

Finding no prejudicial error, we are of the opinion that the judgment of the district court of Choctaw county should be affirmed, and it is so ordered.

DAVENPORT, P. J., and DOYLE, J., concur.