## J. C. LEE v. STATE.

No. A-9448.   June 30, 1939.

(92 P. 2d 591.)

352

Clyde G. Pitman and Randall Pitman, both of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error was by indictment charged with the sale of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $50, and to be imprisoned in the county jail for 30 days. From the judgment and sentence, the defendant has appealed.

Fifteen errors have been assigned by the defendant as grounds for reversal of his case.

In his second assignment, the defendant avers that there was prejudicial error in the said record and proceedings in the following particulars, to wit:

"1. The court erred in overruling plaintiff in error's affidavit and request for a change of judge and in refusing to certify his disqualifications in said cause, from which said ruling of the court plaintiff in error has suffered material prejudice."

The second assignment, supra, is the only error it is deemed necessary to consider.

Before the case was called for trial, the defendant filed an application asking the county judge, the Honorable Thomas M. Stevens, to disqualify as the trial judge in this case, alleging in part as follows:

"That he is disqualified to act as the trial judge in the above styled and numbered cause, and respectfully requests this honorable court to certify his disqualification herein and for grounds of said application states:"

The defendant alleges that since about the 1st of January, 1933, the defendant's attorney, Randall Pitman and Thomas M. Stevens have been associated together in the practice of law in the city of Shawnee; the said Randall Pitman being city attorney, and said Thomas M. Stevens being assistant city attorney; and that during the time herein mentioned and up until the 17th of June, 1937, Randall Pitman and Thomas M. Stevens officed together, used the same suite of offices, telephone number, and stenographer. The defendant further alleges that they were not full partners, but closely associated, and continually advised and counseled together in all matters of litigation handled by either party during said time. Defendant further states that during the month of April, 1937, he employed Clyde G. Pitman as his attorney in the above-styled and numbered case, and shortly thereafter said Clyde G. Pitman and the defendant, J. C. Lee, came to the office of Randall Pitman and Thomas M. Stevens, and employed Randall Pitman as additional counsel for the defendant; that Thomas M. Stevens was not connected with the matter as attorney for the defendant; but he entered into a full and complete discussion of the law involved in the mat-

ter and facts with Randall Pitman; and advised and counseled with him as to how the defense should be conducted; that the said Pitman and Stevens acted together; determined the law they deemed applicable to the facts in the case together; and the said Randall Pitman informed and disclosed to Stevens confidential information that he had received from his client, J. C. Lee; and that Thomas M. Stevens formed and expressed an opinion as to the guilt or innocence of the said defendant, Lee, and the charge involved in the action.

The defendant alleges that the said Thomas M. Stevens, now county judge of Pottawatomie county, Okla., is biased and prejudiced in his case, and is disqualified to act as a fair and impartial judge herein, and should certify his disqualification.

The defendant in this case further asks that, in the event the said Thomas M. Stevens does not certify his disqualification, the defendant be given 48 hours in which to apply to the Criminal Court of Appeals of this state for a writ of mandamus compelling the disqualification of said judge, and requests that said cause be continued for 48 hours that he may have an opportunity to file said action for writ of mandamus in the Criminal Court of Appeals.

No response or denial was made by Judge Thomas M. Stevens to the allegations in the application asking him to disqualify; nor did the state offer anything to contradict the sworn statements of the defendant's petition.

The application of the defendant asking the judge to disqualify was immediately overruled, and also his request for time to present a petition to the Criminal Court of Appeals was denied.

The court then overruled a motion of the defendant to quash the indictment or information, and ordered the trial to proceed.

The failure of the trial judge, Thomas M. Stevens, to

make a response to the motion of the defendant leaves the application undisputed and undenied by the trial judge, Thomas M. Stevens. The defendant bases his contention that the judge should be disqualified upon the provision of the Bill of Rights:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice." Const. art. 2, sec. 6, Okla. St. Ann.

By the provisions of the Constitution quoted, the people have prohibited a judge from trying a case in which he is prejudiced favorably to one of the parties or against another. The procedure prescribed by our statutes, where a judge refuses to admit his disqualification in a criminal case, is as follows:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do." Section 2915, O. S. 1931, 22 Okla. St. Ann. § 575.

When the application is presented as provided by our statutes, if the judge concedes that he is disqualified, he certifies the disqualification as requested. If he refuses to admit his disqualification or fails to make the certificate, the defendant may file a petition for a writ of mandamus to require him to disqualify. The question of his disqualification will then be determined by this court on the petition, the response thereto, and the proof.

When the application is filed, it should state the facts upon which he claims the judge is prejudiced, and must

set them forth in the original application, so that the judge may know upon what the claim is based. McCullough v. Davis, District Judge, 11 Okla. Cr. 431, 147 P. 779; Whitfield v. Walden, District Judge, 31 Okla. Cr. 332, 239 P. 266.

As was said in Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758, 803:

"Under the declaration of article 2, § 6, Bill of Rights, that 'Right and justice shall be administered without sale, denial, delay, or prejudice,' as well as by the unwritten dictates of natural justice, the courts of this state are commanded to administer justice without prejudice."

In the case of State ex rel. Conley et al. v. Parks, 32 Okla. Cr. 61, 239 P. 941, 942, it is said:

"Prejudice is a state of mind which is ordinarily not capable of being proven by direct and positive evidence. It can generally be proven only by the circumstances, environment, association, relationship, and conduct of the person who entertains it. It is often not known to be held by the person entertaining such prejudice; that is to say, one may have a prejudiced state of mind upon a subject, against an idea, cause or person, and be wholly unconscious that he had any prejudice. In fact, upon casual thought, we are aware that many persons are prejudiced upon public questions, in matters of politics or religion, or on many other subjects, and by reason of such prejudice incapable of giving a dispassionate consideration to such question, and at the same time be totally unconscious that he is prejudiced, and would be quick to repudiate a suggestion that his state of mind is other than fair and open."

The constitutional provisions which guarantee to every person charged with crime a trial without prejudice as relates to the presiding judge, do not include the opinion of the judge as to guilt or innocence of the defendant.

The provisions contemplated mean the presence of such a state of mind or feeling as might prevent him from giving the defendant a fair trial.

Our courts should maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence, and impartiality of the judiciary, the most important and powerful branch of our government.

Judges presiding over the courts should be unbiased, impartial, and disinterested in the subject matter in litigation, and it is of the utmost importance that all doubt and suspicion to the contrary be jealously guarded against, and if possible completely eliminated, to the end that we maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. State ex rel. Mayo v. Pitchford, District Judge, 43 Okla. 105, 141 P. 433; Robertson v. Bozarth, Judge, 87 Okla. 102, 209 P. 742.

It is important that the laws should be enforced, and violations thereof punished; but it is still more important that, as far as possible, every person accused of an offense should have a trial before a fair and impartial judge. Fisk v. Venable, Judge, 61 Okla. Cr. 360, 68 P. 2d 425.

The question here submitted and discussed for our consideration is not whether the petitioner is guilty or innocent of the offense charged. Petitioner may be guilty, but this does not furnish an excuse for the refusal of the respondent to vacate the bench.

After careful examination of the application of the defendant, and the failure of the trial judge, Thomas M. Stevens, to file any response or to deny the allegations, it is our opinion that, upon the undisputed facts, the application for a change of judge in the petitioner's case on account of the prejudice of the judge should have been granted.

For the reasons herein stated, this case is reversed and remanded to the trial court, with directions to Thomas M. Stevens, trial judge, to certify his disqualification.

DOYLE, P. J., and BAREFOOT, J., concur.