# JACK YOUNG v. STATE.

No. A-9891.  Feb. 25, 1942.

(123 P. 2d 294.)

Hulsey & Hulsey, of McAlester, for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen. and Paul Gotcher, Co. Atty., of McAlester, for the State.

BAREFOOT, P. J.  Defendant, Jack Young, was charged in the county court of Pittsburg county with the crime of unlawful possession of intoxicating liquor, to wit: "One pint and six half pints of mixed whisky," was tried, convicted, and sentenced to pay a fine of $50 and serve 30 days in the county jail.

This charge was the outgrowth of a search of defendant's residence at "No. 2 West Kiowa Street, McAlester, Pittsburg County, Oklahoma," on the 29th day of November, 1939, by the sheriff of Pittsburg county and two deputies and the finding of the liquor above described in an attic in said residence.

Defendant for reversal of this case contends:

First. That the trial court erred in refusing to sustain his motion to disqualify himself.

Second. That the court erred in refusing to sustain his motion to suppress the evidence obtained under the search warrant for the reason that the same was illegal and void.

Third. That the evidence is insufficient to sustain the verdict, and that the court should have sustained the demurrer to the evidence and instructed the jury to return a verdict of not guilty.

It may first be stated that the information in this case was filed on the 5th day of December, 1939. It charged the defendant and his wife, Ethel Young, jointly. On the 27th day of March, 1940, defendants filed a motion to disqualify the county judge of Pittsburg county, which was as follows:

"Comes now the defendants, Jack Young and Ethel Young, and make application to the court for the Honorable Wm. Jones, County Judge, to disqualify in this cause of State of Oklahoma vs. Jack Young and Ethel Young, No. 4946 in the County Court of Pittsburg County, Oklahoma, for the reason that the said County Judge has prejudged the guilt or innocence of the defendant, Jack Young, and has publicly declared that said Jack Young is a bootlegger and criminal, and has threatened to wear the county jail out with the said Jack Young if the said Jack Young did not cease the commission of the alleged crime of the violation of the prohibition laws of the State of Oklahoma, and these defendants state that they do not believe they can have a fair and impartial trial before said County Judge because of the prejudice of said County Judge against the said Jack Young, one of the defendants in this action, he being the husband of the other defendant, Ethel Young.

"Wherefore the said defendants move the court to disqualify in this cause."

To this motion there was attached the affidavit of Joe Dyer, Jr., which was as follows:

"Joe Dyer, Jr., being duly sworn, makes affidavit and says that on about the 18th day of November, 1939, when he appeared before Wm. Jones, County Judge of Pittsburg County, Oklahoma, to qualify on the appearance bond of Jack Young and Ethel Young, in the County Court in and for Pittsburg County, Oklahoma, the said County Judge, Wm. Jones, warned him to not sign said bond or cautioned him that he should not sign said bond, stating to this affiant that the said Jack Young was one of the biggest criminals and bootleggers in Pittsburg County, or words to that effect."

On the same day, March 27, 1940, this case was set for trial, and a jury was in attendance upon the court. The motion was presented to the court, and in support of the motion defendant was offered as a witness and examined. It is unnecessary to give all of his testimony. Reference will hereafter be made as occasion demands. No other evidence was offered by defendant. The court, in overruling the motion to disqualify himself, made a lengthy statement which is shown by the record. In this statement the court expressly stated that notwithstanding any personal opinion, he could and would give the defendant a fair and impartial trial. The only question passed upon by the court in the trial of the case was the motion to suppress the evidence. Reference thereto will be made later in this opinion. There is nothing in the record to show any action on the part of the court to indicate any personal prejudice against the defendant. He was given the minimum sentence provided by the statute.

On the same day, March 27, 1940, defendant filed his motion to suppress, with a copy of the affidavit and search warrant attached thereto, and on the same day the same was overruled by the court. No evidence was pre-

sented by defendant on the motion to suppress. The case on the same day, March 27, 1940, came on regularly for trial, having been set for that day, and was tried before a jury with the result that defendant was convicted as above stated. Defendant Jack Young was given a severance and he alone was tried and has appealed to this court.

The statute which prescribes the procedure for the disqualification of trial judges in this state is Oklahoma Statutes 1931, section 2915, O. S. A. Title 22, § 575, and is as follows:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

This statute has often been construed by this court in criminal cases and by the Supreme Court in civil cases. The following cases are cited. Pruitt v. State, 62 Okla. Cr. 38, 70 P. 2d 129; Fisk v. Venable, 61 Okla. Cr. 360, 68 P. 2d 425; Castleberry v. Jones, 68 Okla. Cr. 414, 99 P. 2d 174; Lee v. State, 66 Okla. Cr. 351, 92 P. 2d 591; Ingles v. McMillan, 5 Okla. Cr. 130, 113 P. 998, 45 L.R.A., N.S., 511; Ex parte Hudson, 3 Okla. Cr. 393, 106 P. 540, 107 P. 735; Lewis v. Russell, 4 Okla. Cr. 129, 111 P. 818; Yeargain v. Venable, 65 Okla. Cr. 225, 84 P. 2d 812; Johnson v. Wells, 5 Okla. Cr. 599, 115 P. 375; Saddler v. Crump, 30 Okla. Cr. 157, 235 P. 263. In civil cases: Holloway v. Hall, 79 Okla. 163, 192 P. 219; Prowant v. Sealy, 77 Okla. 244, 187 P. 235; Fox v. Ziehme, 30 Okla.

673, 120 P. 285; Myers v. Bailey, 26 Okla. 133, 109 P. 820. These cases give fully the history of this statute, the rule that was in force in this state prior to its passage, and the rule to be followed since its adoption. It is unnecessary to quote from them fully, as they may be read by those who desire.

In the Pruitt Case, supra, Fisk v. Venable, supra, Ingles v. McMillan, supra, and Lewis v. Russell, supra, a review of all the cases is made, and in the Pruitt Case it was said [62 Okla. Cr. 38, 70 P. 2d 131]:

"From a reading of the above statute, it will be noted there was no attempt to comply with its terms. The statute requires the filing of a written application setting forth the facts upon which the claim is made that the judge is disqualified, and if the judge so finds, he should so certify. The opposite side is to be given reasonable notice. If the judge fails to make his certification within three days before the cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do. It has been held by this court that the Criminal Court of Appeals is the proper court for such application in criminal cases. See Brown v. State, 6 Okla. Cr. 442, 119 P. 447.

"In the instant case, there was no attempt to give the notice required by the statute. The application was not made to the trial court until the very day the case was set for trial, although the record shows that the son of the presiding judge withdrew as counsel in the case during the summer prior to the trial in November. The application was by dictating orally into the record, and at no time was application made to this court asking for a writ of mandamus.

"Prior to the passage of the above statute, which was effective from June 10, 1909, the uncorroborated affidavit of the accused was all that was necessary to file, alleging the bias and prejudice of the presiding judge, and this within itself operated to disqualify him. The truth of the affidavit, or the motive of the defendant in making

it could not be denied. A change of judge was imperative with the filing of the affidavit. With the coming of statehood, the courts found this statute very much abused. Dockets would be set and the affidavit would often be filed when the case was called for trial, and after witnesses had been subpoenaed and were in attendance on the court. It not only caused additional costs to the county and continuance of cases, but it often delayed, obstructed, and finally defeated justice."

The facts in the instant case are identical. Although this defendant was arrested on the 6th day of December, 1939, made bond on the 9th day of December, 1939, and his case was not set for trial until the 27th day of March, 1940, he did not at any time attempt to comply with the terms of the statute above quoted, but delayed until the very day his case was set for trial to file the motion to disqualify the trial judge. No notice was given to the county attorney of the filing of the same three days prior to the time the case was set for trial, and after the same was overruled no attempt was made to file a mandamus action in this court as provided by the statute.

We have examined all the cases appealed to this court involving this question, and they have uniformly come on application for writ of mandamus and not by appeal. The cases above cited give the reason for the necessity of hearing this question prior to the time the case is set for trial and in accordance with the terms of the statute, so there may be no unnecessary delay and extra expense to the county in the trial of criminal cases. In the case of Holloway v. Hall, 79 Okla. 163, 192 P. 219, 220, the Supreme Court of this state says:

"Since the adoption of sections 5812 and 5816, Rev. Laws 1910, 22 O. S. 1941, §§ 571, 575, it has been consistently held by this court that, where parties seeking to disqualify a trial judge had knowledge of the grounds of the disqualification for more than three days prior to the

trial, and did not avail themselves of the procedure prescribed by section 5816, supra, they cannot urge the disqualification on appeal. Prowant v. Sealy, 77 Okla. 244, 187 P. 235; Fox v. Ziehme et al., 30 Okla. 673, 120 P. 285; Myers v. Bailey, 26 Okla. 133, 109 P. 820; Ingles v. McMillan, 5 Okla. Cr. 130, 113 P. 998, 45 L.R.A., N.S., 511; Ex parte Hudson, supra."

Defendant in support of his contention relies upon the case of Castleberry v. Jones, 68 Okla. Cr. 414, 99 P. 2d 174. In that case the same judge presided as in the instant case. We first call attention to the fact that in that case an application was made for writ of mandamus and the statute above quoted was complied with in every respect. There was no attempt to raise the question on appeal, and under the same circumstances as in the instant case. It will be further noted that the facts in that case are very different from those here presented. There is no direct charge or averment of personal bias or prejudice by the trial judge against the defendant, but he states that he does not believe that he can have a fair and impartial trial before the county judge because of such prejudice. It has often been held by this court and other courts that the mere fact that a court may have had an opinion as to the guilt or innocence of defendant would not be a sufficient reason to disqualify such judge.

In the case of Fisk v. Venable, supra [61 Okla. Cr. 360, 68 P. 2d 426], the court says:

"The constitutional provision which guarantees to every person charged with crime a trial without 'prejudice' in so far as it relates to the presiding judge does not include the opinion of the judge as to the guilt or innocence of the defendant; the prejudice contemplated means the presence of such a state of mind or feeling as might prevent him from giving the defendant a fair trial."

Also, in the case of Saddler v. Crump, 30 Okla. Cr. 157, 235 P. 263, 264, it is said:

"The Constitution (article 2, § 6) guarantees to every person charged with an offense a trial without 'prejudice.' As applied to a judge, this is properly construed to mean personal prejudice or bias on the part of the judge against the defendant. It does not mean that the judge may not have an opinion of the guilt or innocence of a defendant or may not be prejudiced against the crime with which he is charged but shall not entertain a personal prejudice against him. In order to disqualify, it must be shown as a matter of fact, and not as a conclusion, that the judge does entertain such personal prejudice. Lewis v. Russell, Judge, supra; State ex rel., etc., v. Lockridge, Judge, 6 Okla. Cr. 216, 118 P. 152, 45 L.R.A., N.S., 525, Ann. Cas. 1913C, 251; State v. Brown, Judge, 8 Okla. Cr. 40, 126 P. 245, Ann. Cas. 1914C, 394."

After a careful consideration of the record, we are of the opinion that it is necessary for a defendant to comply with the statute by giving the notice prescribed therein, and if the court refuses to disqualify himself, then it is the duty of defendant to file in this court a petition for writ of mandamus to require him to so disqualify, as was held in the case of Brown v. State, 6 Okla. Cr. 442, 119 P. 447. We have examined the record and do not think the facts justify the court in disqualifying in this case. There was nothing in the trial of the case to show that the court in any way acted in a prejudicial manner against the defendant in the trial of this case. Defendant was given the minimum punishment provided by law.

It is next contended that the court erred in overruling the motion to suppress the search warrant and the evidence procured thereunder. As heretofore stated, no evidence was presented in support of the motion. Therefore, if the affidavit and search warrant are in substantial compliance with the statute, the truthfulness of said affidavit and the facts therein set forth cannot be assailed

upon the trial. Blair v. State, 55 Okla. Cr. 280, 29 P. 2d 998; Phillips v. State, 34 Okla. Cr. 52, 244 P. 451.

The affidavit is sworn to by the sheriff of Pittsburg county. It states positively that intoxicating liquor: " * * * is had and kept for the purpose of sale, barter, giving away and otherwise furnishing the same; and that same is being sold, bartered, given away, and otherwise furnished in violation of the Laws of the State of Oklahoma, in the above named County and State, in and upon the following described premises * * *."

It then states the facts as follows:

"Affiant further states that the basis of this complaint and the facts upon which it is founded are as follows:

"Ethel Young who lives at this place is operating under the authority of a Retail Liquor Dealers Stamp issued by the U. S. Government and this place is a place of public resort. The affiant knows persons who have bought whisky there very recently."

It has been held in the case of Ben Hudgens v. State, 74 Okla. Cr. 56, 122 P. 2d 815, that the allegation in an affidavit to procure a search warrant, that the party whose premises were described was operating under and was the owner of a federal internal revenue retail liquor dealer's license, was a fact to be taken into consideration by the magistrate, together with the other facts stated therein. Peters v. State, 71 Okla. Cr. 175, 110 P. 2d 300.

As to the issue of whether or not there was probable cause for the issuance of the search warrant, the affidavit further stated that the place described was a place of public resort and further, "The affiant knows persons who have bought whisky there very recently." It is claimed that, because the affidavit does not state the names of the parties who have bought the liquor, it is based upon information and belief. The statements in an affidavit

for the issuance of a search warrant need not be as specific as the allegations in an information or indictment. We do not consider that it was necessary to allege the names of the parties who had bought whisky. If a hearing had been had on the motion defendant could have made inquiry of the party who made the affidavit and thus obtain the name so that he might meet this evidence at the trial if the same was offered in evidence.

We have carefully examined the cases cited from this court, and a review of them would unduly lengthen the opinion in this case. The facts in those cases in most instances are entirely different from the facts in this case. Many of these decisions have been reviewed in the case of Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162, and Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 187. See, also, Dobbs v. State, 39 Okla. Cr. 376, 265 P. 658; Rhodes v. State, 40 Okla. Cr. 124, 267 P. 490; Peters v. State, 71 Okla. Cr. 175, 110 P. 2d 300; Gransbury v. State, 64 Okla. Cr. 423, 82 P. 2d 240.

The last contention of defendant is that the evidence is insufficient to sustain the verdict of the jury and the judgment of the court. This is largely based upon the fact of the small amount of liquor found in the attic of defendant's home, the same being one pint and six half-pints. Defendant offered no evidence. His contention in his brief is that section 2625, O. S. 1931, O. S. A. Title 37, § 32, which is commonly known as the "gallon statute", has application to this case. It may be stated that this statute is no longer in force and effect, as will be seen by the recent decisions of this court in Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671; Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757; Whitwell v. State, 72 Okla. Cr. 192, 114 P. 2d 489. Defendant was charged and convicted under

chapter 153, sec. 3, Session Laws 1933; O. S. A. Title 37, § 82, which provides:

"The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors * * * whether medicated or not, which contain more than three and two-tenths (3.2%) per cent of alcohol, measured by weight and which is capable of being used as a beverage * * * or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

The instructions given by the court in the instant case were clearly under the above section, and section 2625, O. S. 1931, O. S. A. Title 37, § 32, has no application.

We are therefore of the opinion that the judgment and sentence of the county court of Pittsburg county should be affirmed, and it is so ordered.

JONES, J., concurs. DOYLE, J., concurs in conclusion.